# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRIENDS OF ANIMALS,<br><br>    Plaintiff,<br><br>v.<br><br>WILBUR ROSS, in his official capacity as Secretary of Commerce<br><br>and<br><br>NATIONAL MARINE FISHERIES SERVICE, an agency within the United States Department of Commerce<br><br>    Defendants. | No. 3:20-cv-01312-AWT<br><br>**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br><br>December 3, 2020 |

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Friends of Animals moves for a Temporary Restraining Order. Plaintiff seeks an order enjoining the authorizations contained in Permit No. 22629 granted by National Marine Fisheries Service (NMFS) allowing Mystic Aquarium to import five beluga whales from Marineland of Canada (the "Permit"). Plaintiff respectfully requests that the Court issue a Temporary Restraining Order that lasts until the Court decides Plaintiff's Motion for a Preliminary Injunction, which Plaintiff is filing concurrently with this Motion.

Plaintiff did not file this Motion earlier because Mystic Aquarium could not import the belugas unless and until it submitted a breeding prevention plan that NMFS approved. The Defendants' counsel have represented to Friends of Animals' counsel that Mystic Aquarium has now submitted a signed breeding prevention plan, which NMFS could approve at any time. NMFS will have fully authorized the import of these belugas and will require nothing more from Mystic Aquarium before allowing their import. While Marineland must secure an export permit from the government of Canada, it is unclear

Oral Argument Requested

when approval of such a permit would be made or if this would even be made public. This could lead to a situation where Marineland could prepare the belugas for transport before the public or Friends of Animals is even aware of any permit. Accordingly, the harm to Plaintiff Friends of Animals is now imminent.

Plaintiff would have preferred not to file this Motion and to instead have agreed with Defendants that they would not take any final action on the Permit until this Court could decide Plaintiff's Motion for a Preliminary Injunction. Plaintiff's counsel have conferred with Defendants' counsel about the current status of the Permit and Plaintiff's intention to file this Motion and to seek preliminary injunctive relief. Defendants' counsel indicated that they were not authorized to negotiate agree to a schedule for the Court to decide any type of preliminary injunctive relief. One other concern that Plaintiff has is that the permittee (Mystic Aquarium) and the exporter of the belugas (Marineland) are not parties to this lawsuit and would be under no obligation to honor a scheduling agreement between the parties.

The standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction. *Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1228 (2d Cir. 1992). Thus, in order to grant this Motion, the Court need only find that Friends of Animals (1) faces a threat of imminent harm and (2) has either (a) a likelihood of success on the merits or (b) presented sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tips decidedly in its favor. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

Because Friends of Animals easily satisfies these standards, the Court should grant a temporary restraining order. First, a temporary restraining order is required to prevent Friends of Animals from suffering irreparable harm. Without a temporary restraining order, Mystic Aquarium would be able to import the belugas at any time once the required

2

permits are issued and would be very likely to do so as soon as possible to avoid the consequences of a negative outcome of this litigation. As highly sentient and social animals, the belugas would suffer great harm and trauma from being removed from their families and social groups and the long transport to Mystic Aquarium. Because Friends of Animals' members are interested in these belugas and do not want them to suffer, these members face a likely threat of imminent aesthetic and emotional injury.

Second, Friends of Animals is likely to succeed on the merits or, at the very least, can show serious questions going to the merits, on both of its claims. On its first claim, NMFS acted arbitrarily and capriciously, violating the Administrative Procedure Act (APA), when it granted the Permit, which violates the Marine Mammal Protection Act in numerous ways. The Permit will disadvantage these beluga whales and NMFS lacked sufficient evidence to find that Mystic's research could only be accomplished using a depleted species and that the public display of the beluga whales would be merely "incidental." NMFS also acted arbitrarily and capriciously and violated the APA and the National Environmental Policy Act (NEPA) by not conducting a full analysis of the environmental impacts of the Permit. NMFS's Environmental Assessment is problematic for a number of reasons: (1) NMFS did not accept any public comments; (2) NMFS concluded that the beluga whales will recover from the impacts of the transport within a week, even though this conclusion conflicts with the very evidence that NMFS cites; and (3) NMFS completely ignored the harms of removing these beluga whales from their families and social groups and ignored any impacts on the beluga whales remaining at Marineland. NMFS's determinations that the Permit will have no significant impact on the human environment and that it would not prepare an environmental impact statement analyzing the effects of this unprecedented Permit were arbitrary and capricious.

A temporary restraining order would avoid causing irreparable harm to Friends of Animals while not harming NMFS, Mystic Aquarium, or the public while the Court

considers Plaintiff's Motion for a Preliminary Injunction. This Motion is supported by the declarations of Toni Frohoff, Ph.D., Nicole Rivard, and David Brensilver, attached hereto. This Motion is further supported by the law and argument in Plaintiff's Memorandum in Support of its Motion for a Preliminary Injunction.[1]

          Respectfully submitted,

          */s/ Stephen R. Hernick*
          Stephen R. Hernick (phv10846)
          Friends of Animals, Wildlife Law Program
          7500 E. Arapahoe Rd., Suite 385
          Centennial, CO 80112
          Tel: 720-749-7791
          Fax: 888-236-3303
          SHernick@friendsofanimals.org

          Jessica Rubin (Bar No. Ct13768)
          Director of Legal Practice and Animal Law Clinic
          University of Connecticut School of Law
          55 Elizabeth Street
          Hartford, CT 06105
          Tel: (860) 570-5209
          Fax: (860) 570-5366
          Jessica.rubin@uconn.edu

          *Attorneys for Plaintiff Friends of Animals*

---

[1] For the Court's convenience, Plaintiff's Memorandum in Support of its Motion for a Preliminary Injunction is attached both to this Motion and to Plaintiff's Motion for a Preliminary Injunction. The Memorandum in Support attached to both Motions is identical, as are all declarations.

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of December, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Stephen Hernick*
Stephen Hernick

Oral Argument Requested