# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRIENDS OF ANIMALS, ) | |
| ) | No. 3:20-cv-01312-AWT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILBUR ROSS, in his official capacity as ) | **MOTION FOR A PRELIMINARY** |
| Secretary of Commerce ) | **INJUNCTION** |
| ) | |
| and ) | |
| ) | |
| NATIONAL MARINE FISHERIES SERVICE, ) | |
| an agency within the United States ) | |
| Department of Commerce ) | |
| ) | December 3, 2020 |
| Defendants. ) | |

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Friends of Animals moves for a Preliminary Injunction. Plaintiff seeks an order enjoining the authorizations contained in Permit No. 22629 authorized by National Marine Fisheries Service ("NMFS") to Mystic Aquarium to import five beluga whales from Marineland of Canada (the "Permit"). Plaintiff respectfully requests that the Court issue a Preliminary Injunction that lasts until the Court decides the merits of this litigation.

In order to grant this Motion, the Court need only find that Friends of Animals (1) faces a threat of imminent harm and (2) has either (a) a likelihood of success on the merits or (b) presented sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tips decidedly in its favor. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

Oral Argument Requested

Because Friends of Animals satisfies both prongs, the Court should grant a preliminary injunction. First, a preliminary injunction is required to prevent Friends of Animals from suffering irreparable harm. Without an injunction, Mystic Aquarium would be able to import the belugas once the government of Canada issues an export permit and would be very likely to do so as soon as possible to avoid the consequences of a negative outcome of this litigation. As highly sentient and social animals, the belugas would suffer great harm and trauma from being removed from their families and social groups and the long transport to Mystic Aquarium. Because Friends of Animals' members are interested in these belugas and do not want them to suffer, these members face a likely threat of imminent aesthetic injury.

Second, Friends of Animals is likely to succeed on the merits or, at the very least, can show serious questions going to the merits, on both of its claims. On its first claim, NMFS acted arbitrarily and capriciously, violating the Administrative Procedure Act (APA), when it granted the Permit even though it violates numerous provisions of the Marine Mammal Protection Act. The Permit will disadvantage beluga whales, and NMFS lacked sufficient evidence to find that Mystic's research could only be accomplished using a depleted species and that the public display of the beluga whales would be merely "incidental." NMFS also acted arbitrarily and capriciously and violated the APA and the National Environmental Protection Act (NEPA) by not conducting a full analysis of the environmental impacts of the Permit. NMFS's Environmental Assessment is problematic for a number of reasons: (1) NMFS did not accept any public comments; (2) NMFS concluded that the beluga whales will recover from the impacts of the transport within a week, even though this conclusion conflicts with the very evidence that NMFS cites; and (3) NMFS completely ignored the harms of removing these beluga whales from their families and social groups and ignored any impacts on the beluga whales remaining at Marineland. NMFS's determinations that the Permit will have no significant impact on the human environment and that it would not

prepare an environmental impact statement analyzing the effects of this unprecedented Permit were arbitrary and capricious.

A preliminary injunction would avoid causing irreparable harm to Friends of Animals while not harming NMFS, Mystic Aquarium, or the public while this litigation plays out. This Motion is supported by the declarations of Toni Frohoff, Ph.D., Nicole Rivard, and David Brensilver, attached hereto. The basis for this Motion is further supported by the attached Memorandum in Support.

Respectfully submitted,

/s/ *Stephen R. Hernick*
Stephen R. Hernick (phv10846)
Friends of Animals, Wildlife Law Program
7500 E. Arapahoe Rd., Suite 385
Centennial, CO 80112
Tel: 720-749-7791
Fax: 888-236-3303
SHernick@friendsofanimals.org

Jessica Rubin (Bar No. Ct13768)
Director of Legal Practice and Animal Law Clinic
University of Connecticut School of Law
55 Elizabeth Street
Hartford, CT 06105
Tel: (860) 570-5209
Fax: (860) 570-5366
Jessica.rubin@uconn.edu

*Attorneys for Plaintiff Friends of Animals*

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of December, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                            */s/ Stephen Hernick*
                                            Stephen Hernick

Oral Argument Requested