# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRIENDS OF ANIMALS, | Civil Action No. |
| Plaintiffs, | 3:20-cv-01312 (AWT) |
| v. | |
| WILBUR ROSS, in his official capacity as Secretary of Commerce, | |
| and | |
| NATIONAL MARINE FISHERIES SERVICE, an agency within the United States Department of Commerce | |
| Defendants. | December 17, 2020 |

## PARTIALLY *UNOPPOSED* MOTION TO INTERVENE AS DEFENDANT BY THE SEA RESEARCH FOUNDATION INC. D/B/A MYSTIC AQUARIUM

Pursuant to Fed. R. Civ. P. 24, Sea Research Foundation, Inc. d/b/a Mystic Aquarium ("Mystic") hereby moves this Court for an Order allowing Mystic to intervene, as a party defendant, in this action. In further support of this motion, Mystic has filed its *Memorandum of Law in Support of Partially Consented To Motion To Intervene As Defendant By The Sea Research Foundation Inc. D/B/A Mystic Aquarium* of even date herewith. As support for this motion, Mystic states:

1. Mystic is an aquarium in Mystic, Connecticut, and is the holder of the wildlife import permit that is the subject of this action.

2. More particularly, on August 27, 2020, after a hotly contested agency adjudicatory proceeding, Federal Defendants National Marine Fisheries Service and Secretary of Commerce Wilbur Ross (collectively, "NMFS"), granted Mystic a permit under the Marine Mammal

1

Protection Act of 1972 ("MMPA"), 16 U.S.C. 1361 *et seq.* authorizing Mystic to import five (5) beluga whales from Marineland of Canada, Inc. under the Marine Mammal Protection Act of 1972 ("MMPA"), 16 U.S.C. 1361 *et seq.*, for purposes of important scientific research with incidental public display.

3. NMFS takes no position with respect to this motion.

4. Plaintiff Friends of Animals ("Plaintiff") had filed comments opposing the grant of the permit. Plaintiff has now sued NMFS under the Administrative Procedure Act, 5 U.S.C. § 706, for judicial review of the grant of the permit. *Complaint,* ¶¶ 141-156. Plaintiff seeks injunctive and declaratory relief, including an order vacating and enjoining the permits, which would prevent Mystic from bringing the beluga whales from Canada to their new home at Mystic.

5. Plaintiff does not oppose Mystic being granted permissive intervention in the case under Fed.R.Civ.P. 24(b), generally, but does oppose any participation by Mystic in the resolution of Plaintiff's pending motion for a preliminary injunction (ECF Doc. 17) on the basis of alleged untimeliness, except that Plaintiff has indicated that it will not oppose a brief statement by Mystic that it opposes the imposition of any injunction.

6. Mystic has a great deal at stake in maintaining its NMFS permit to import beluga whales, and thus should be granted intervention to defend its interests. If Plaintiff prevails and the permit is set aside, or judicially limited in some way, Mystic may be barred from importing the belugas or may be required to alter its scientific research or its plans to care for the whales. ***The research cannot be achieved by studying wild populations.*** *See* Fed.PI.Opp. at 9 (ECF Doc. 23). Therefore, denial of this Motion would impair Mystic's ability to protect its significant interest in its MMPA import permit and its care and study of the belugas. *See also* 5 U.S.C. § 558 (establishing certain due process rights of license holders under the Administrative Procedure Act).

**7.** As stated above, no party opposes the grant of permissive intervention concerning Mystic's intervention in the main case.

8. Because of its significant interests at risk in this lawsuit, and Mystic's unique knowledge and ability, as an aquarium that actually cares for, transports, and conducts research with beluga whales, to effectively supplement NMFS's defense, the Court should grant Mystic permissive intervention under Fed.R.Civ.P. 24(b).

9. For the same reasons, this Court should grant this motion and allow Mystic to intervene, for all purposes, concerning the preliminary injunction sought by Plaintiff.

10. Indeed, counsel for Mystic and counsel for Plaintiff were able to resolve all issues regarding Mystic's intervention except whether Mystic should be allowed to participate in the adjudication of Plaintiff's motion for a preliminary injunction filed December 3, 2020. Plaintiff contends that the Court has already set a schedule reducing the standard 21-day period in which to file responses to a preliminary injunction motion, and that it is too late for Mystic to file an opposition pleading in compliance with the reduced time periods. *See* Local Rule 27, *see also*, ECF Doc. 21 (minute entry reducing response time). Insofar as the preliminary injunction hearing, originally set for December 17, 2020, has now been continued to December 21, 2020, Mystic believes this motion to have been timely made and that Mystic's participation in the injunction will not prejudice Plaintiff in any way.

WHEREFORE, Mystic prays that the Court:

(a) Grant this motion and allow Mystic to participate in this action as a party defendant;

(b) Consider Mystic's memorandum of law in support of this motion to intervene as an informal response to Plaintiff's preliminary injunction motion, as it provided a very limited

rebuttal of select arguments in Plaintiffs' preliminary injunction motion not adequately addressed in the Federal Defendants' opposition to that motion;

      (c)     Allow Mystic to participate in the preliminary injunction oral argument to the limited extent of appearing and being available to answer any questions the Court might have;

      (d)     Allow Mystic to rebut any incorrect factual information presented by Plaintiff in its reply brief or by any party at oral argument,

      (e)     Note Mystic's agreement with the Federal Defendants' opposition to the motion; and

      (f)     Hear Mystic on any scheduling matters.

Respectfully submitted,

THE PROPOSED DEFENDANT-INTERVENOR
SEA RESEARCH FOUNDATION, INC.
D/B/A MYSTIC AQUARIUM


By: /s/ Jeffrey M. Sklarz
Lawrence S. Grossman (ct15790)
Jeffrey M. Sklarz (ct20938)
Green & Sklarz, LLC
One Audubon Street, 3rd Floor
New Haven, CT 06511
Phone: (203) 285-8545 x101
Fax: (203) 823-4546
lgrossman@gs-lawfirm.com
jsklarz@gs-lawfirm.com

James H. Lister (DC Bar 447878) *
Nicole M. Bayne (CA Bar 328392) *
Birch, Horton, Bittner, & Cherot, P.C.
1100 Connecticut Ave., NW, Suite 825
Washington, D.C. 20036
(202) 659-5800
jlister@dc.bhb.com

*Of Counsel*
*\*Application for pro hac vice status pending.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Date: December 17, 2020

                                                    */s/ Jeffrey M. Sklarz*