## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRIENDS OF ANIMALS,<br>        *Plaintiff*, | ) ) ) | |
| v. | ) ) | NO. 3:20-cv-1312-AWT |
| WILBUR ROSS, et al.,<br>        *Defendants*.<br>    and | ) ) ) ) | DECEMBER 23, 2020 |
| SEA RESEARCH FOUNDATION, INC.,<br>        *Defendant-Intervenor* | ) ) ) ) ) | |

## JOINT STIPULATION FOR EXPEDITED SUMMARY JUDGMENT BRIEFING SCHEDULE

Plaintiff Friends of Animals ("Plaintiff"), Defendants Wilbur Ross, in his official capacity of the Secretary of Commerce and the National Marine Fisheries Service (collectively, "NMFS" or "Federal Defendants"), and Defendant-Intervenor Sea Research Foundation, Inc. d/b/a Mystic Aquarium ("Mystic") (collectively, the "Parties") submit this joint stipulation to memorialize the agreement between the Parties regarding an expedited summary judgment briefing schedule.  The Parties enter this Stipulation with the aim of avoiding the need for the Court to decide Plaintiff's motion for preliminary injunction and enabling the Court instead to issue a decision on the merits following summary judgment briefing.  The Parties hereby state and propose to the Court as follows:

1)      Plaintiff challenges a permit ("Permit") issued by NMFS on August 27, 2020 under the Marine Mammal Protection Act, 16 U.S.C. § 1361, *et seq.*, allowing Mystic to import five beluga whales from Marineland of Ontario, Canada ("Marineland") for scientific research. 85 Fed. Reg. 56,219 (Sept. 11, 2020).  Such suits are resolved on summary judgment based on

the administrative record for the challenged agency action.  *See Tarbell v. Dep't of Interior*, 307 F. Supp. 2d 409, 421 (N.D.N.Y. 2004) (citations omitted).

2)       The Parties are working on a proposed summary judgment briefing schedule, but need until after the holidays to propose a specific schedule to the Court.  However, the parties anticipate that under the schedule, Federal Defendants will file the administrative record by the end of January 2021, the parties' principal summary judgment briefs would be filed in mid-February to early March, such that the Court would be in a position to hold oral argument on or about March 19, 2020.  Each party would file an opening and reply brief (plaintiff's motion for summary judgment would be the first brief, then on the same day Federal Defendants and Mystic would each file briefs in opposition to Plaintiff's motion and cross-moving for summary judgment, then Plaintiffs would file a reply in support of their motion for summary judgment and an opposition to the Defendants' cross-motions for summary judgment, and then Federal Defendants and Mystic would each file a reply on the same day).

3)       Based on the foregoing, Plaintiff agrees to hold its motion for preliminary injunction in abeyance, and Mystic agrees not to import any whales under the Permit through March 31, 2021.  In order to avoid prejudicing any revival of the preliminary injunction motion, Mystic further agrees that it and its agents will not take actions impacting the animals in preparation for transport (other than standard medical testing) before March 31 (or before giving the five business days' notice discussed below).  For the avoidance of doubt, nothing prohibits actions taken pursuant to independent medical, research, and husbandry reasons unrelated to the impending transfer.  Notwithstanding the forgoing, Mystic may seek to import the whales before that date if their condition at Marineland deteriorates, as further elaborated below, and in that scenario, Mystic agrees to provide at least 5 business days prior to the date of importation: (a) Plaintiff with a declaration from Mystic regarding the deteriorating conditions at Marineland or

health condition of the animals that justifies the need to import (Plaintiff will be free to provide that Declaration to the Court if Mystic has not already done so) and (b) notice to the Parties and the Court of the invocation of this exception, so that Plaintiff has an opportunity to resume seeking a preliminary injunction.

Based on the foregoing, the Parties respectfully request that the Court hold in abeyance Plaintiff's motion for preliminary injunction at this time.

Respectfully submitted,

JOHN H. DURHAM
United States Attorney

By: */s/ Natalie N. Elicker*
Natalie N. Elicker, ct28458
Assistant United States Attorney
157 Church Street
New Haven, CT 06510
Telephone: (203) 821-3700
Fax: (203) 773-5373
Email: Natalie.Elicker@usdoj.gov

JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief

*/s/ Clifford E. Stevens, Jr.*
CLIFFORD E. STEVENS, JR.
Senior Trial Attorney, D.C. Bar Number 463906
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 353-0368
Fax: (202) 305-0275
Email: clifford.stevens@usdoj.gov

*Attorneys for Federal Defendants*

/s/ Stephen R. Hernick
Stephen R. Hernick (phv 10846)

Friends of Animals Wildlife Law Program
7500 E. Arapahoe Road, Suite 385
Centennial, Colorado 80112
(513) 319-8427 (cell)
(888) 236-3303 (fax)
shernick@friendsofanimals.org

Jessica Rubin (Bar No. Ct13768)
Director of Legal Practice and Animal Law Clinic
University of Connecticut School of Law
55 Elizabeth Street
Hartford, CT 06105
(860) 995-6330 (cell)
(860) 570-5366 (fax)
Jessica.rubin@uconn.edu

*Attorneys for Plaintiff Friends of Animals*


By: /s/ Lawrence S. Grossman
Lawrence S. Grossman (ct15790)
Jeffrey M. Sklarz (ct20938)
Green & Sklarz, LLC
One Audubon Street, 3rd Floor
New Haven, CT 06511
Phone: (203) 285-8545 x101
Fax: (203) 823-4546
lgrossman@gs-lawfirm.com
jsklarz@gs-lawfirm.com

James H. Lister (DC Bar 447878) *
Nicole M. Bayne (CA Bar 328392) *
Birch, Horton, Bittner, & Cherot, P.C.
1100 Connecticut Ave., NW, Suite 825
Washington, D.C. 20036
(202) 659-5800
jlister@dc.bhb.com

*Attorneys for Defendant-Intervenor*

*Application for pro hac vice status pending