## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRIENDS OF ANIMALS,<br>　　　　　　*Plaintiff*, ) | |
| ) | |
| v.　　　　　　　　　　　　　　　　) | NO. 3:20-cv-1312-AWT |
| ) | |
| WILBUR ROSS, et al.,　　　　　) | JANUARY 6, 2021 |
| 　　　　　　*Defendants*. ) | |
| 　　　and　　　　　　　　　　) | |
| ) | |
| SEA RESEARCH FOUNDATION, INC., ) | |
| 　　　　*Defendant-Intervenor* ) | |
| ) | |

FRIENDS OF ANIMALS,
　　　　　　　　　*Plaintiff*,

　　v.

WILBUR ROSS, et al.,
　　　　　　　　*Defendants*.
　　and

SEA RESEARCH FOUNDATION, INC.,
　　　　*Defendant-Intervenor*

NO. 3:20-cv-1312-AWT

JANUARY 6, 2021

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Wilbur Ross, in his official capacity of the Secretary of Commerce and the National Marine Fisheries Service ("NMFS") (collectively, "Federal Defendants"),[1] by and through the undersigned attorneys, answer the claims and allegations raised against them in the September 3, 2020, Complaint of Plaintiff Friends of Animals ("Plaintiff"). ECF No. 1. The sections and numbered paragraphs of this Answer correspond to the sections and numbered paragraphs in the Complaint.[2]

---

[1] NMFS is an agency within the National Oceanic and Atmospheric Administration ("NOAA"), which is an agency with the U.S. Department of Commerce.

[2] Plaintiff's claims are reviewed pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. "In an action such as this, in which the court's task is limited to determining whether the agency action under scrutiny can withstand APA review, the critical consideration is the record which was before the agency at the time of the determination, and thus the need for resolution of fact issues which often are sharply contested . . . does not generally apply." *Tarbell v. Dep't of Interior*, 307 F. Supp. 2d 409, 421 (N.D.N.Y. 2004) ("[i]n reviewing administrative agency decisions, the function of the district court is to determine whether or not as a matter of law, evidence in the administrative record permitted the agency to make the decision it did.") (alteration in original) (internal quotations and citations omitted). Thus, the allegations of fact in the Complaint and any responses contained in an answer are not relevant to the judicial review sought in this action. Nonetheless, Defendants herein respond to the numbered paragraphs of the Complaint.

**INTRODUCTION**

1.      The allegations in the first through fourth sentences of paragraph 1 characterize

Plaintiff's case and purported motivations for bringing suit, which require no response.  To the

extent that a response is required, the allegations are too vague and ambiguous to permit a

response, and are denied on that basis.  The allegations in the fifth and sixth sentences of

paragraph 1 appear to characterize a statement by an individual quoted in an October 9, 2012

news article,[3] which speaks for itself and is the best evidence of its contents.  Defendants deny

any allegations inconsistent with the plain language and meaning of the statement in the news

article.

2.      The allegations in the first sentence of paragraph 2 purport to characterize a

permit issued by NMFS on August 27, 2020 under the Marine Mammal Protection Act

("MMPA"), 16 U.S.C. § 1361, et seq., allowing Sea Research Foundation, Inc. d/b/a Mystic

Aquarium ("Mystic") to import five beluga whales from Marineland of Ontario, Canada

("Marineland") for scientific research.  85 Fed. Reg. 56,219 (Sept. 11, 2020) ("Permit").  The

Permit speaks for itself and is the best evidence of its contents, and Defendants deny any

allegations inconsistent with the plain language and meaning of the Permit.  Defendants deny the

allegations in the second and third sentences of paragraph 2.

3.      The allegations in paragraph 3 purport to characterize the Permit, which speaks

for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent

with the plain language and meaning of the Permit.

---

[3] *See* Felicity Barringer, *Opposition as Aquarium Seeks Import of Whales*, The New York Times
(Oct. 9, 2012), https://www.nytimes.com/2012/10/10/science/earth/strong-opposition-to-
aquariums-plan-to-import-beluga-whales.html.

4.      The allegations in the first sentence of paragraph 4 are Plaintiff's description of the nature of its suit that requires no response.  To the extent a response is required, Defendants deny the allegations.  Defendants deny the allegations in the second sentence of paragraph 4.

5.      Defendants deny the allegations in paragraph 5.

6.      Defendants deny the allegations in paragraph 6.

7.      The allegations in the first sentence of paragraph 7 purport to characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the statute.  The allegations in the second sentence consist of legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.  The allegations in the second sentence of paragraph 7 also are too vague and ambiguous to permit a response, and Defendants deny them on that additional basis.

8.      The allegations in the first sentence of paragraph 8 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the statute.  The allegations in the second and third sentences of paragraph 8 are too vague and ambiguous to permit a response, and are denied on that basis.  To the extent that the allegations in the third sentence of paragraph 8 pertain to members and staff of Plaintiff, Defendants lack sufficient information to form a belief as to the truth of the allegations, and Defendants deny these allegations on that basis.

9.      Defendants deny the allegations in the first sentence of paragraph 9.  The allegations in the second sentence of paragraph 9 consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents.  Defendants deny any

allegations inconsistent with the plain language and meaning of NEPA.  Defendants deny the

allegations in the third, fourth, and fifth sentences of paragraph 9.

10.     Defendants deny the allegations in paragraph 10.

11.     The allegations in paragraph 11 purport to characterize Plaintiff's case and the

relief sought, which require no response.  To the extent that a response is required, Defendants

deny the allegations, and specifically deny that Defendants have violated the MMPA, NEPA, or

any other law and that Plaintiff is entitled to any relief.

<b>JURISDICTION AND VENUE</b>

12.     The allegations in paragraph 12 consist of legal conclusions that require no

response.

13.     The allegations in paragraph 13 consist of legal conclusions that require no

response.

14.     The allegations in paragraph 14 consist of legal conclusions, which require no

response.

<b>PARTIES</b>

15.     Defendants lack information and knowledge sufficient to form a belief as to the

truth of the allegations in paragraph 15 and deny them on that basis.

16.     Defendants deny the allegations in the first sentence of paragraph 16.  With

respect to the allegations in the second and third sentences of paragraph 16 that pertain to

Plaintiff's members and staff, Defendants lack information and knowledge sufficient to form a

belief as to the truth of the allegations and deny them on that basis.  The remaining allegations in

the third sentence of paragraph 16 are too vague and ambiguous to permit a response and are

denied on that basis.

17.     Defendants admit the allegations in paragraph 17.

18.     Defendants admit the allegations in the first sentence of paragraph 18.  As to the allegations in the second sentence of paragraph 18, Defendants admit that NMFS is a federal agency with responsibility for regulation and conservation of the nation's marine resources, but avers that it is not the only federal agency with such responsibilities.  Defendants admit the allegations in the third sentence of paragraph 18.

## LEGAL BACKGROUND

19.     The allegations in the first sentence of paragraph 19 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the statute.  The allegations in the second sentence of paragraph 19 purport to characterize a judicial decision, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the cited decision.

20.     The allegations in paragraph 20 purport to characterize provisions of the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and provide the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the provisions.

21.     The allegations in paragraph 21 purport to characterize a provision of the MMPA, 16 U.S.C. § 1372(c)(1)(B), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

22.     The allegations in the first sentence of paragraph 22 purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.34(a)(4), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.  The remaining allegations in

paragraph 22 purport to characterize two judicial decisions, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these decisions.

23.     The allegations in paragraph 23 purport to characterize provisions of NMFS' regulations implementing the MMPA, 50 C.F.R. §§ 216.34(a)(5)-(6), which speak themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these provisions.

24.     The allegations in paragraph 24 purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.41(b)(1), which speaks for itself and provides the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

25.     The allegations in paragraph 25 purport to characterize a judicial decision, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the decision.

26.     The allegations in paragraph 26 purport to characterize a provision of the MMPA, 16 U.S.C. § 1362(1), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision. Defendants further aver that Plaintiff incorrectly cites this provision as 16 U.S.C. § 1362(3)(1).

27.     The allegations in paragraph 27 purport to characterize provisions of NMFS' regulations implementing the MMPA, 50 C.F.R. §§ 216.41(c)(1)(vi)-(vii), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these provisions.

28.     The allegations in paragraph 28 purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.35(i), which speaks for itself and is the

best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

29.     The allegations in paragraph 29 purport to characterize a provision of the MMPA, 16 U.S.C. § 1374(d)(5), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

30.     The allegations in paragraph 30 purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.33(a), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

31.     Defendants admit that NMFS designated the Sakhalin Bay-Nikolaya Bay-Amur River stock of beluga whales as depleted under the MMPA.

32.     The allegations in paragraph 32 consist of legal conclusions that requires no response.

33.     The allegations in the first sentence of paragraph 33 purport to characterize provisions of NMFS' regulations implementing the MMPA, 50 C.F.R. §§ 216.12(c)(4)-(5), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these provisions.  The allegations in the second sentence of paragraph 33 purport to characterize a provision of the MMPA, 16 U.S.C. § 1372(b), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

34.     The allegations in the first sentence of paragraph 34 purport to characterize provisions of NMFS' regulations implementing the MMPA, 50 C.F.R. §§ 216.41(b)(5)(i)-(ii),

which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these provisions.  The allegations in the second sentence of paragraph 34 purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.41(b)(5)(iii), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

35.     The allegations in paragraph 35 purport to characterize a provision of the MMPA, 16 U.S.C. § 1374(c)(2)(B), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

36.     The allegations in paragraph 36 purport to characterize NEPA and a provision of the Council on Environmental Quality regulations regarding NEPA ("NEPA regulations"), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the statute and the cited provision of the NEPA regulations.

37.      The allegations in paragraph 37 purport to characterize a provision of the NEPA regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with their plain language and meaning of the provision.

38.     The allegations in paragraph 38 purport to characterize a provision of NEPA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the provision.

39.     The allegations in paragraph 39 purport to characterize a provision of the NEPA regulations, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the provision.

40.     The allegations in paragraph 40 purport to characterize a provision of the NEPA regulations, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the provision.

41.     The allegations in paragraph 41 purport to characterize a 2017 NOAA Manual regarding NEPA ("NEPA Manual"), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this document.

42.     The allegations in paragraph 42 purport to characterize the NEPA Manual, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this document.

43.     The allegations in paragraph 43 purport to characterize the NEPA Manual, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this document.

44.     The allegations in paragraph 44 purport to characterize a cited judicial decision, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the language and meaning of this decision.

## FACTUAL BACKGROUND

45.     Defendants admit the allegations in paragraph 45.

46.     Defendants admit the allegations in paragraph 46.

47.     Defendants admit the allegations in the first three sentences of paragraph 47.  The allegations in the fourth sentence of paragraph 47 are too vague and ambiguous to permit a response and are denied on that basis.

48.     Defendants admit the allegations in paragraph 48.

49.     NMFS lacks sufficient information to form a belief as to the truth of the allegations in paragraph 49 regarding the total number of belugas worldwide in captivity today, and denies the allegations on that basis.  NMFS further avers that the total number of belugas in captivity include those born in captivity, such as the belugas at issue in this case.

50.     The allegations in paragraph 50 are too vague and ambiguous to permit a response and are denied on that basis.

51.     With respect to the allegations in the first sentence of paragraph 51, Defendants admit that belugas rely on their hearing and their ability to echolocate, using sound to navigate and hunt for prey, but otherwise the allegations are too vague and ambiguous to permit a response and are denied on that basis.  The allegations in the second sentence of paragraph 51 are too vague and ambiguous to permit a response and are denied on that basis.

52.     The allegations in paragraph 52 are too vague and ambiguous to permit a response and are denied on that basis.

53.     With respect to the allegations in paragraph 53, Defendants admit that belugas may live to be 80 years of age, but otherwise the allegations are too vague and ambiguous to permit a response and are denied on that basis.

54.      With respect to the allegations in paragraph 54, Defendants admit that six aquariums in the United States display captive belugas, including Mystic and Georgia Aquarium, and that some efforts have occurred among these aquariums to breed belugas, but otherwise the allegations are too vague and ambiguous to permit a response and are denied on that basis.

55.     The allegations in paragraph 55 are too vague and ambiguous to permit a response and are denied on that basis.

56.     Defendants admit the allegations in the first sentence of paragraph 56.  The allegations in the second sentence of paragraph 56 purport to characterize an unidentified

statement, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this statement.

57.     The allegations in paragraph 57 purport to characterize NMFS' decision on Georgia Aquarium's application to import beluga whales, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this decision.

58.     Defendants admit the allegations in the first and second sentences of paragraph 58.  The allegations in the third sentence of paragraph 58 are too vague and ambiguous to permit a response and are denied on that basis.

59.     The allegations in paragraph 59 are too vague and ambiguous to permit a response and are denied on that basis.

60.     The allegations in paragraph 60 are too vague and ambiguous to permit a response and are denied on that basis.

61.     Defendants admit the allegations in paragraph 61.

62.     The allegations in the first sentence of paragraph 62 are too vague and ambiguous to permit a response and are denied on that basis.  With respect to the allegations in the second sentence of paragraph 62, Defendants lack sufficient information to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

63.     The allegations paragraph 63 are too vague and ambiguous to permit a response and are denied on that basis.

64.     The allegations in the first and second sentences of paragraph 64 are too vague and ambiguous to permit a response and are denied on that basis.  As to the allegations in the third sentence of paragraph 64, NMFS is aware of reports that Marineland has more than 50

belugas, but lacks sufficient information to form a belief as to the specific number of beluga whales currently held by Marineland.

65.     The allegations in paragraph 65 purport to characterize information in Mystic's permit application and NMFS' August 27, 2020 Recommendation Memorandum for the Permit ("Recommendation Memorandum"), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these documents.

66.     The allegations in paragraph 66 consist of legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

67.     The allegations in paragraph 67 are too vague and ambiguous to permit a response and are denied on that basis.

68.     The allegations in paragraph 68 purport to characterize a Canadian bill, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the bill.

69.     The allegations in paragraph 69 purport to characterize a Canadian law, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the cited law.

70.     The allegations in paragraph 70 purport to characterize provisions of a Canadian law, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the cited law.

71.     The allegations in paragraph 71 purport to characterize a statement from a Canadian senator, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the statement.

72.     The allegations in paragraph 72 purport to characterize a Canadian law, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the cited law.

73.     The allegations in paragraph 73 are too vague and ambiguous to permit a response and are denied on that basis.

74.     The allegations in paragraph 74 purport to characterize a partnership agreement between Marineland and Mystic, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of the agreement.

75.     Defendants admit that news reports indicate that Marineland transferred two belugas to the identified Spanish facility, but Defendants otherwise lack sufficient knowledge to form a belief as to the truth of the allegations.

76.     The allegations in paragraph 76 purport to characterize an October 1, 2019 Federal Register notice issued by NMFS regarding Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this notice.

77.     The allegations in paragraph 77 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the application.

78.     The allegations in paragraph 78 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the application.

79.     The allegations in paragraph 79 purport to characterize NMFS' October 1, 2019 Federal Register notice regarding Mystic's permit application, which speaks for itself and is the

best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this notice.

80.     The allegations in paragraph 80 purport to characterize public comments on Mystic's permit application, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with their plain language and meaning. The allegation that Mystic's permit application was "controversial" also is a legal conclusion, for which no response is required.  To the extent that a response is required for this allegation, Defendants deny the allegation.

81.     The allegations in paragraph 81 purport to characterize public comments on Mystic's application, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language and meaning of the public comments.

82.     The allegations in paragraph 82 purport to characterize Plaintiff's comments on Mystic's permit application, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with their plain language and meaning of the Plaintiff's comments.

83.     The allegations in the first sentence of paragraph 83 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of this application.  The allegations in the second sentence of paragraph 83 are too vague and ambiguous to permit a response and are denied on that basis.

84.     The allegations in paragraph 84 purport to characterize statements made on Mystic's website, which speaks for itself and is the best evidence of its contents.  Defendants

deny any allegations inconsistent with the plain language and meaning of the cited statements on Mystic's website.

85.      The allegations in paragraph 85 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with their plain language and meaning of Mystic's application.

86.      The allegations in paragraph 86 purport to characterize U.S. and Canadian laws pertaining to marine mammals and the Permit, which speak for themselves and provide the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these laws and the Permit.

87.      As to the allegations in paragraph 87, Defendants admit that NMFS issued the Permit on August 27, 2020, but aver that NMFS did not approve all of the activities that Mystic proposed in its application.

88.      Defendants admit the allegations in the first sentence of paragraph 88, but aver that the animals have aged approximately one year since the application was submitted.  As to the allegations in the second sentence of paragraph 88, NMFS avers that for purposes of Mystic's permit application, NMFS treated each of the five belugas as if they were members of the Sakhalin Bay-Nikolaya Bay-Amur River depleted stock.

89.      As to the allegations in paragraph 89, Defendants admit that the five belugas to be imported would join three belugas already at Mystic, but deny that the belugas already at Mystic are the ages alleged.

90.      The allegations in paragraph 90 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

91.     The allegations in paragraph 91 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

92.     The allegations in paragraph 92 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

93.     The allegations in paragraph 93 purport to characterize NMFS' Finding of No Significant Impact and Environmental Assessment ("EA/FONSI") for the Permit issued under NEPA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

94.     The allegations in paragraph 94 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

95.     The allegations in paragraph 95 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

96.     The quoted text in paragraph 96 purports to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.  Defendants deny the remaining allegations in paragraph 96.

97.     The allegations in paragraph 97 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

98.     The allegations in paragraph 98 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

99.     The allegations in paragraph 99 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants admit the allegations in paragraph 101.

102.    The allegations in paragraph 102 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

103.    The allegations in paragraph 103 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

104.    The allegations in paragraph 104 purport to characterize information in Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the application.

105.    As to the allegations in paragraph 105, Defendants aver that NMFS' website states that beluga whales average 13 feet in length but may reach 16 feet, while other sources report slightly different ranges.  Defendants lack sufficient information to form a belief as to whether belugas may reach 20 feet in length as Plaintiff alleges.

106.    The allegations in paragraph 106 purport to characterize information in Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the application.

107.    The allegations in paragraph 107 purport to characterize information in Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the application.

108.    Defendants admit that the photographs in paragraph 108 appear to show beluga whales in transport (by the Shedd Aquarium).  The allegations in the second sentence of paragraph 108 purport to characterize the methods to be used by Mystic to transport the belugas. These methods are described in Mystic's permit application, which speaks for itself and provides the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the application.

109.    The allegations in paragraph 109 are too vague and ambiguous to permit a response and are denied on that basis.

110.    The allegations in paragraph 110 are too vague and ambiguous to permit a response and are denied on that basis.  Defendants further aver that the belugas would be humanely removed from Mystic and that the belugas are expected to form social bonds with the belugas at Mystic, based on the experience of past beluga transfers between facilities.

111.    The allegations in paragraph 111 are too vague and ambiguous to permit a response and are denied on that basis.  Defendants further aver that the belugas are expected to form social bonds with the belugas at Mystic, based on the experience of past beluga transfers between facilities.

112.    The allegations in paragraph 112 are too vague and ambiguous to permit a response and are denied on that basis.  Defendants further aver that that the transfer would not have lasting harmful effects on the belugas, based on the experience of past beluga transfers between facilities.

113.    The allegations in paragraph 113 are too vague and ambiguous to permit a response and are denied on that basis.  Defendants further aver that the transport would not subject the belugas to significant increased risks of disease or death, based on the experience of past beluga transports.

114.    With respect to the allegations in paragraph 114, Defendants admit that Mystic applied for a scientific research permit.  The remaining allegations purport to characterize the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the MMPA and implementing regulations.

115.    The allegations in paragraph 115 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

116.    The allegations in paragraph 116 purport to ascribe alternative motives to Mystic for applying for the Permit other than scientific research.  Defendants lack sufficient information to form a belief as to truth of these allegations, and denies them on that basis.  Defendants further aver that NMFS placed conditions on the Permit to ensure that all requirements of the MMPA and implementing regulations for a scientific research permit were met.

117.    The allegations in paragraph 117 purport to ascribe alternative motives to Mystic for applying for the Permit other than scientific research.  Defendants lack sufficient information to form a belief as to truth of these allegations, and denies them on that basis.  Defendants further aver that NMFS placed conditions on the Permit to ensure that all requirements of the MMPA and implementing regulations for a scientific research permit were met.

118.    Defendants deny the allegations in paragraph 118.

119.    Defendants deny the allegations in paragraph 119.

120.     The allegations in paragraph 120 are too vague and ambiguous to permit a response and are denied on that basis.

121.     The allegations in the first sentence of paragraph 121 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.  Defendants deny the allegations in the second sentence of paragraph 121.

122.     The allegations in paragraph 122 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

123.     The allegations in paragraph 123 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

124.     The allegations in paragraph 124 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

125.     The allegations in paragraph 125 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

126.     The allegations in paragraph 126 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

127.     The allegations in the first and second sentences of paragraph 127 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of

20

the permit application.  The allegations in the third sentence of paragraph 127 purport to characterize NMFS' Recommendation Memorandum, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Recommendation Memorandum.

128.    Defendants deny the allegations in paragraph 128.

129.    The allegations in paragraph 129 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application. Defendants further aver that the number and ages of belugas at Georgia Aquarium have changed since the permit application.

130.    The allegations in paragraph 130 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

131.    The allegations in paragraph 131 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

132.    The allegations in paragraph 132 are too vague and ambiguous to permit a response and are denied on that basis.  Defendants further aver that a subsequent transfer to Georgia Aquarium would not "deeply traumatize" the belugas, as alleged by Plaintiff, and would be done for the health and safety of the belugas at Mystic.

133.    The allegations in paragraph 133 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

134.     The allegations in paragraph 134 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

135.     The allegations in paragraph 135 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

136.     The allegations in paragraph 136 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

137.     The allegations in paragraph 137 consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the MMPA and its implementing regulations.

138.     The allegations in paragraph 138 consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the MMPA and its implementing regulations.

139.     The allegations in paragraph 139 consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the MMPA and its implementing regulations.

140.    The allegations in paragraph 140 consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize the MMPA, which speak for itself and provides the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the MMPA.

## FIRST CAUSE OF ACTION (MMPA and APA)

141.    Defendants incorporate by reference each and every response and averment in the preceding paragraphs of this answer.

142.    Defendants deny the allegations in paragraph 142.

143.    Defendants deny the allegations in paragraph 143.

144.    Defendants deny the allegations in paragraph 144.

145.    Defendants deny the allegations in paragraph 145.

146.    Defendants deny the allegations in paragraph 146.

147.    Defendants deny the allegations in paragraph 147.

148.    Defendants deny the allegations in paragraph 148.

149.    Defendants deny the allegations in paragraph 149.

150.    Defendants deny the allegations in paragraph 150.

151.    Defendants deny the allegations in paragraph 151.

## SECOND CAUSE OF ACTION (NEPA and APA)

152.    Defendants incorporate by reference each and every response and averment in the preceding paragraphs of this answer.

153.    The allegations in paragraph 153 consist of legal conclusions that require no response.

154.    Defendants deny the allegations in paragraph 154.

155.    Defendants deny the allegations in paragraph 155.

156.    Defendants deny the allegations in paragraph 156.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's demand for relief, which requires

no response.  If a response is required, Defendants deny that they have violated the MMPA,

NEPA, the APA, or any other law, and deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Plaintiff lacks standing.

Respectfully submitted,

JOHN H. DURHAM
United States Attorney

By: */s/ Natalie N. Elicker*
Natalie N. Elicker, ct28458
Assistant United States Attorney
157 Church Street
New Haven, CT 06510
Telephone: (203) 821-3700
Fax: (203) 773-5373
Email: Natalie.Elicker@usdoj.gov

JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief

*/s/ Clifford E. Stevens, Jr.*
CLIFFORD E. STEVENS, JR.
Senior Trial Attorney, D.C. Bar Number 463906
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 353-0368
Fax: (202) 305-0275
Email: clifford.stevens@usdoj.gov

*Attorneys for Federal Defendants*