# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRIENDS OF ANIMALS<br><br>and<br><br>LAST CHANCE FOR ANIMALS<br><br>    *Plaintiffs*,<br><br>    v.<br><br>WYNN COGGINS[1], et al.,<br>         *Defendant*.<br>    and<br><br>SEA RESEARCH FOUNDATION, INC.<br>         *Defendant-Intervenor* | No. 3:20-cv-1312-AWT<br><br>February 10, 2021 |

## ANSWER OF DEFENDANT-INTERVENOR SEA RESEARCH FOUNDATION, INC. d/b/a MYSTIC AQUARIUM TO AMENDED COMPLAINT

Defendant-Intervenor Sea Research Foundation, Inc. d/b/a Mystic Aquarium ("Mystic") respectfully submits the following Answer to the Amended Complaint (ECF Doc. 54) submitted by Plaintiff Friends of Animals and Last Chance for Animals ("Plaintiffs"). Mystic's Answer is numbered to correspond to the Paragraph numbering in Plaintiffs' Amended Complaint. Mystic at times references the Answer (ECF Doc. 47) to the original Complaint (ECF Doc. 1) filed on January 6, 2021 by Federal Defendants Wilbur Ross in his capacity as Secretary of Commerce and

---

[1]    Mr. Coggins is the Acting Secretary of the Department of Commerce, replacing Mr. Ross. *See* Fed.R.Civ.P. 25(d).

National Marine Fisheries Service (collectively "NMFS" or "Federal Defendants," and the "NMFS Answer"). All allegations of Plaintiffs not expressly admitted are denied.[2]

1.       Mystic denies the allegations of the first, third and fourth sentences of Paragraph 1 of the Complaint. In response to the second sentence of the Paragraph, Mystic admits that beluga whales are social animals and migrate significant distances in the wild in search of food and in response to seasonal changes in ice cover and weather and denies all other allegations. In response to the fifth sentence of the Paragraph, the quoted statement speaks for itself and Mystic denies any portion of the quotation that is inaccurate. Mystic denies the conclusions Plaintiffs assert based on the quotation. Mystic denies any other allegations in the Paragraph.

2.       Mystic admits the allegations of the first sentence of Paragraph 2 of the Complaint and denies the remainder of the Paragraph.

3.       The allegations in Paragraph 3 of the Complaint purport to characterize the Permit, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the Permit.

4.       The allegations in the first sentence of Paragraph 4 of the Complaint are Plaintiffs' description of the nature of its suit that requires no response. To the extent a response is required, Mystic denies the allegations. Mystic denies the allegations in the second sentence of the Paragraph.

5.       Mystic denies the allegations in Paragraph 5 of the Complaint.

6.       Mystic denies the allegations in Paragraph 6 of the Complaint.

---

[2]       *See* NMFS Answer, p. 1, n. 2 for a discussion on the limitations regarding the range of evidence that can be considered in a case such as this one seeking judicial review of agency action on the administrative record under the Administrative Procedure Act, 5 U.S.C. § 706 ("APA"). Some allegations in Plaintiffs' Complaint may assert facts outside the administrative record. Mystic by submitting this Answer does not waive its right to assert APA limitations.

7.      Paragraph 7 of the Complaint states legal conclusions to which no response is required, and Mystic denies any allegations inconsistent with the law being discussed.  To the extent factual allegations are stated, Mystic denies them.

8.      The first sentence of Paragraph 8 of the Complaint states legal conclusions to which no response is required, and Mystic denies any allegations inconsistent with the law being discussed.  Mystic denies the allegations of the second and third sentences as being improbable speculation by Plaintiffs regarding beliefs of "Americans" generally.  With respect to the portion of the third sentence making allegations regarding the beliefs of Plaintiffs' own members and staff, the denial is based on Mystic's lack of knowledge.

9.      Mystic denies the allegations of Paragraph 9 of the Complaint.

10.     Mystic denies the allegations of Paragraph 10 of the Complaint.

11.     The allegations in paragraph 11 of the Complaint purport to characterize Plaintiffs' case and the relief sought, which require no response.  To the extent that a response is required, Mystic denies the allegations, and specifically denies that Defendants have violated the MMPA, NEPA, or any other law and denies that Plaintiffs are entitled to any relief.

12.     The allegations in Paragraph 12 consist of legal conclusions that require no response.  In the interests of disclosure, Mystic provides a response.  Mystic agrees the case qualifies for federal question subject matter jurisdiction, but whether other jurisdictional requirements are met is in question.  *See* Mystic's Affirmative Defenses below.

13.     The allegations in Paragraph 13 consist of legal conclusions that require no response.  Mystic admits this is an Administrative Procedure Act judicial review case and denies Plaintiffs are entitled to any relief.

14.     Mystic admits the allegations of Paragraph 14 of the Complaint.

15. Mystic lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and denies them on that basis.

16. Mystic denies the allegations in the first sentence of Paragraph 16 of the Complaint. With respect to the allegations in the remaining sentences of Paragraph 16 that pertain to Plaintiff's members and staff, Mystic lacks information and knowledge sufficient to form a belief as to the truth of the allegations and denies them on that basis. Any remaining allegations in the Paragraph are too vague and ambiguous to permit a response and are denied on that basis.

17. Mystic lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and denies them on that basis, except that Mystic admits that Plaintiff Last Chance for Animals has engaged in an extended campaign against Marineland protesting Marineland's care for belugas.

18. Mystic denies the allegations in the first sentence of Paragraph 18 of the Complaint. With respect to the allegations in the second, third, and fourth sentences of Paragraph 18 that pertain to the named Plaintiff's members and staff, Mystic lacks information and knowledge sufficient to form a belief as to the truth of the allegations and denies them on that basis (and Mystic denies all other allegations in those sentences). Mystic denies that removing the belugas from Marineland and transporting them to Mystic would inflict great harm on the Plaintiffs. Mystic denies all allegations in the remaining sentences of the Paragraph.

19. Mystic admits the allegations in Paragraph 19 of the Complaint, although it notes Secretary Ross recently left office and has been replaced by Wynne Coggins, who is Acting Secretary of Commerce, and was automatically substituted for Mr. Ross as Defendant under Fed.R.Civ.P. 25(d).

20.     Mystic admits the allegations in the first sentence of Paragraph 20 of the Complaint. As to the allegations in the second sentence of Paragraph 20, Mystic admits that NMFS is a federal agency with responsibility for regulation and conservation of the nation's marine resources, but avers that it is not the only federal agency with such responsibilities. Mystic admits the allegations in the third sentence of Paragraph 20.

21.     The allegations in the first sentence of Paragraph 21 of the Complaint purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the statute. The allegations in the second sentence of Paragraph 21 purport to characterize a judicial decision, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the cited decision.

22.     The allegations in Paragraph 22 of the Complaint purport to characterize provisions of the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and provide the best evidence of their contents. Mystic denies any allegations inconsistent with the plain language and meaning of the provisions.

23.     The allegations in Paragraph 23 of the Complaint purport to characterize a provision of the MMPA, 16 U.S.C. § 1372(c)(1)(B), which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this provision.

24.     The allegations in the first sentence of Paragraph 24 of the Complaint purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.34(a)(4), which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this provision. The remaining

allegations purport to characterize two judicial decisions, which speak for themselves and are the best evidence of their contents. Mystic denies any allegations inconsistent with the plain language and meaning of these decisions.

25. The allegations in Paragraph 25 of the Complaint purport to characterize provisions of NMFS' regulations implementing the MMPA, 50 C.F.R. §§ 216.34(a)(5)-(6), which speak themselves and are the best evidence of their contents. Mystic denies any allegations inconsistent with the plain language and meaning of these provisions.

26. The allegations in Paragraph 26 of the Complaint purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.41(b)(1), which speaks for itself and provides the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this provision.

27. The allegations in Paragraph 27 of the Complaint purport to characterize a judicial decision, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the decision.

28. The allegations in Paragraph 28 of the Complaint purport to characterize a provision of the MMPA, 16 U.S.C. § 1362, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this provision. Mystic further avers that Plaintiffs incorrectly cite this provision as 16 U.S.C. § 1362(3)(1).

29. The allegations in Paragraph 29 of the Complaint purport to characterize provisions of NMFS' regulations implementing the MMPA, 50 C.F.R. §§ 216.41(c)(1)(vi)-(vii), which speak for themselves and are the best evidence of their contents. Mystic denies any allegations inconsistent with the plain language and meaning of these provisions.

30.     The allegations in Paragraph 30 of the Complaint purport to characterize a provision of NMFS's regulations implementing the MMPA, 50 C.F.R. § 216.35(i), which speaks for itself and is the best evidence of its contents.  Mystic denies any allegations inconsistent with the plain language and meaning of this provision.

31.     The allegations in Paragraph 31 of the Complaint purport to characterize a provision of the MMPA, 16 U.S.C. § 1374(d)(5), which speaks for itself and is the best evidence of its contents.  Mystic denies any allegations inconsistent with the plain language and meaning of this provision.

32.     The allegations in Paragraph 32 of the Complaint purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.33(a), which speaks for itself and is the best evidence of its contents.  Mystic denies any allegations inconsistent with the plain language and meaning of this provision.

33.     In response to Paragraph 33 of the Complaint, Mystic admits that NMFS in 2016 designated the Sakhalin Bay-Nikolaya Bay-Amur River stock of beluga whales as depleted under the MMPA.

34.      Paragraph 34 of the Complaint calls for a legal conclusion to which no response is required; however, out of an abundance of caution, and for purposes of disclosure, Mystic responds as follows.  Mystic does not agree that "depleted" status under the Marine Mammal Protection Act ("MMPA") extends to the captive-born progeny of marine mammals which were collected from a wild population NMFS has declared to be depleted, particularly if only one of the parents was from the stock and if, as is the case here, the stock was declared to be depleted after the parent(s) were collected.  None of the parents of the belugas being imported were collected from the wild from stocks that NMFS at the time of collection had declared to be depleted, and some of the parents

were collected from stocks that NMFS has never declared to be treated. Despite these facts, NMFS treated all the belugas being imported as "depleted" for purposes of deciding the permit application, and correctly found that Mystic satisfied the MMPA's standard for importing "depleted" marine mammals. Thus, NMFS was more demanding of Mystic than the law requires.

35.     The allegations in the first sentence of Paragraph 35 of the Complaint purport to characterize provisions of NMFS' regulations implementing the MMPA, 50 C.F.R. §§ 216.12(c)(4)-(5), which speak for themselves and are the best evidence of their contents. Mystic denies any allegations inconsistent with the plain language and meaning of these provisions. The allegations in the second sentence of Paragraph 35 purport to characterize a provision of the MMPA, 16 U.S.C. § 1372(b), which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this provision.

36.     The allegations in the first sentence of Paragraph 36 of the Complaint purport to characterize provisions of NMFS' regulations implementing the MMPA, 50 C.F.R. §§ 216.41(b)(5)(i)-(ii), which speak for themselves and are the best evidence of their contents. Mystic denies any allegations inconsistent with the plain language and meaning of these provisions. The allegations in the second sentence of Paragraph 36 purport to characterize a provision of NMFS's regulations implementing the MMPA, 50 C.F.R. § 216.41(b)(5)(iii), which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this provision.

37.     Paragraph 37 of the Complaint calls for a legal conclusion to which no response is required and also purports to summarize the Permit, which speaks for itself. Mystic denies any allegations that do not accurately characterize the Permit. Mystic further avers that the Permit by

its terms imposes continuing restrictions on Mystic's activities regarding the beluga whales being imported, and refers the reader to the Permit for the content of those restrictions.

38.     The allegations in Paragraph 38 of the Complaint purport to characterize NEPA and a provision of the Council on Environmental Quality regulations regarding NEPA ("NEPA regulations"), which speak for themselves and are the best evidence of their contents.  Mystic denies any allegations inconsistent with the plain language and meaning of the statute and the cited provision of the NEPA regulations.

39.     The allegations in Paragraph 39 of the Complaint purport to characterize a provision of the NEPA regulations, which speak for themselves and are the best evidence of their contents.  Mystic denies any allegations inconsistent with their plain language and meaning of the provision.

40.     The allegations in Paragraph 40 of the Complaint purport to characterize a provision of NEPA, which speaks for itself and is the best evidence of its contents.  Mystic denies any allegations inconsistent with the plain language and meaning of the provision.

41.     The allegations in Paragraph 41 of the Complaint purport to characterize a provision of the NEPA regulations, which speaks for itself and is the best evidence of its contents.  Mystic denies any allegations inconsistent with the plain language and meaning of the provision.

42.     The allegations in Paragraph 42 of the Complaint purport to characterize a provision of the NEPA regulations, which speaks for itself and is the best evidence of its contents.  Mystic denies any allegations inconsistent with the plain language and meaning of the provision.

43.     The allegations in Paragraph 43 of the Complaint purport to characterize a 2017 NOAA Manual regarding NEPA ("NEPA Manual"), which speaks for itself and is the best

evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this document.

44. The allegations in Paragraph 44 of the Complaint purport to characterize the NEPA Manual, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this document.

45. The allegations in Paragraph 45 of the Complaint purport to characterize the NEPA Manual, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this document.

46. The allegations in Paragraph 46 of the Complaint purport to characterize a cited judicial decision, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the language and meaning of this decision.

47. Mystic admits the allegations of the first and second sentences of Paragraph 47 of the Complaint. In response to the third sentence, Mystic admits that reports exist of a beluga mimicking the speech of its human handlers, but denies any further allegation that belugas generally engage in this behavior.

48. Mystic admits the allegations in Paragraph 48 of the Complaint.

49. Mystic admits the allegations in the first three sentences of Paragraph 47 of the Complaint. The allegations in the fourth sentence of Paragraph 49 are too vague and ambiguous to permit a response and are denied on that basis.

50. Mystic admits the allegations in Paragraph 50 of the Complaint.

51. Mystic denies the allegations of Paragraph 51 of the Complaint (as to the allegation of the precise number of beluga whales in captivity world-wild, the denial is based on lack of knowledge).

52.     Mystic denies the allegations of Paragraph 52 of the Complaint (Mystic reads the allegations based on their context as referring to "negative impacts," and denies the allegations based on that reading of them).

53.     In response to the allegations of Paragraph 53 of the Complaint, Mystic admits that belugas in the wild rely on hearing and echolocation to hunt for the food, and that belugas in captivity are instead provided with food by their caretakers.  All other allegations of the Paragraph are denied.

54.     In response to the allegations of Paragraph 54 of the Complaint, Mystic admits that the social groupings of belugas in captivity are not a large as those sometimes seen in the open ocean but denies any allegation that belugas in captivity cannot form social groupings or encounter a variety of belugas.  Mystic denies the allegation that belugas in captivity cannot avoid close physical proximity with other belugas they wish to avoid, as Mystic provides sufficient space for this and trainers watch the behaviors of belugas in order to move individuals to separate pools, at the direction of the veterinarian.  All other allegations of the Paragraph are denied.

55.     Mystic denies the allegations of Paragraph 55 of the Complaint.

56.      In response to Paragraph 56 of the Complaint, Mystic admits that zoological institutions in the United States generally work cooperatively to achieve genetic diversity in the reproduction of species in their care, including belugas, but not when the institution involved is required to take steps to prevent reproduction from occurring.  Mystic further admits that, with respect to beluga whales already in its care who are not involved in the Permit that is the subject of this case, it participates in a such a program with several other aquariums including Georgia Aquarium.  Mystic further admits that achieving genetic diversity in species under human care

sometimes calls for transferring animals between institutions. Except as specifically admitted above, Mystic denies all allegations of the Paragraph.

57. The allegations in Paragraph 57 of the Complaint are too vague and ambiguous to permit a response and are denied on that basis.

58. Mystic admits the allegations in the first sentence of Paragraph 56 of the Complaint. The allegations in the second sentence of Paragraph 58 purport to characterize an unidentified statement, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this statement.

59. The allegations in Paragraph 59 of the Complaint purport to characterize NMFS' decision on Georgia Aquarium's application to import beluga whales, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this decision.

60. Mystic admits the allegations in the first and second sentences of paragraph 58 of the Complaint. The allegations in the third sentence of Paragraph 60 are too vague and ambiguous to permit a response and are denied on that basis.

61. The allegations of Paragraph 61 are too vague to allow a response and are denied on that basis. *See* Mystic's response below to Paragraph 61 of the Complaint for more information.

62. Mystic admits the allegations of Paragraph 62 of the Complaint, except that it notes that the reference to 2017 should be to 2018.

63. Mystic admits the allegations in Paragraph 63 of the Complaint.

64. The allegations in the first sentence of Paragraph 64 of the Complaint are too vague and ambiguous to permit a response and are denied on that basis. With respect to the allegations

in the second sentence of Paragraph 64, Mystic lacks sufficient information to form a belief as to the truth of the allegations, and Mystic denies the allegations on that basis.

65.	The allegations Paragraph 65 of the Complaint are too vague and ambiguous to permit a response and are denied on that basis.

66.	In response to the allegations of Paragraph 66 of the Complaint, Mystic admits that Marineland cares for about 54 belugas, some born at Marineland, and that Marineland's professional animal care advisory committee has recommended reducing this number. All other allegations of the Paragraph are denied.

67.	In response to the allegations of Paragraph 67 of the Complaint, Mystic denies that Marineland captured any of the parents of the beluga whales being imported under the Permit. Mystic admits that records of international transports of belugas show records of Marineland importing belugas from Russia. Mystic further avers that at the time of these transports (to Canada) no Russian stock was declared by NMFS to be depleted. Except as specifically admitted above, all allegations of Paragraph 67 are denied.

68.	Mystic denies the allegations of Paragraph 68 of the Complaint.

69.	Mystic denies the allegations of the first sentence of Paragraph 69 of the Complaint as being too vague to permit a response, and denies the allegations of the second sentence of Paragraph 69 as calling for speculation on the motives of a Canadian legislature.

70.	The allegations in Paragraph 70 of the Complaint purport to characterize a Canadian bill, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the bill.

71.    The allegations in Paragraph 71 of the Complaint purport to characterize a Canadian law, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the cited law.

72.    The allegations in Paragraph 72 of the Complaint purport to characterize provisions of a Canadian law, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the cited law.

73.    The allegations in Paragraph 73 of the Complaint purport to characterize a statement from a Canadian senator, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the statement.

74.    The allegations in Paragraph 74 of the Complaint purport to characterize a Canadian law, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the cited law.

75.    Paragraph 75 of the Complaint consists of Plaintiffs' speculation regarding Marineland's motivations. Mystic denies the allegations for lack of knowledge.

76.    In response to the allegations of Paragraph 76 of the Complaint, Mystic admits that it has a beluga whale research agreement with Marineland, and that the referenced Canadian law was enacted in 2019, and denies all other allegations.

77.    In response to the allegations of Paragraph 77 of the Complaint, Mystic admits that news reports indicate that Marineland transferred two belugas to the identified Spanish facility, but Mystic otherwise lacks sufficient knowledge to form a belief as to the truth of the allegations.

78.    The allegations in Paragraph 78 of the Complaint purport to characterize an October 1, 2019 Federal Register notice issued by NMFS regarding Mystic's permit application, which

speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this notice.

79.     The allegations in Paragraph 79 of the Complaint purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the application.

80.     The allegations in Paragraph 80 of the Complaint purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the application.

81.     The allegations in Paragraph 81 of the Complaint purport to characterize NMFS' October 1, 2019 Federal Register notice regarding Mystic's permit application, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of this notice.

82.     The allegations in Paragraph 82 of the Complaint purport to characterize public comments on Mystic's permit application, which speak for themselves and are the best evidence of their contents. Mystic denies any allegations inconsistent with their plain language and meaning. The allegation that Mystic's permit application was "controversial" also is a legal conclusion, for which no response is required. To the extent that any further response to the Paragraph is required, Mystic denies the allegation.

83.     The allegations in Paragraph 83 of the Complaint purport to characterize public comments on Mystic's application, which speak for themselves and are the best evidence of their contents. Mystic denies any allegations inconsistent with their plain language and meaning of the public comments.

84.     The allegations in Paragraph 84 of the Complaint purport to characterize Plaintiffs' comments on Mystic's permit application, which speak for themselves and are the best evidence of their contents.  Mystic denies any allegations inconsistent with their plain language and meaning of the Plaintiffs' comments.

85.     The allegations in the first sentence of Paragraph 85 of the Complaint purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Mystic denies any allegations inconsistent with the plain language and meaning of this application.  The allegations in the second sentence of Paragraph 85 are too vague and ambiguous to permit a response and are denied on that basis.

86.     In response to the allegations of Paragraph 86 of the Complaint, which are directed to the three belugas already at Mystic, Mystic avers that it already cares for and exhibits those belugas which are not the subject of the Permit at issue, and Mystic discusses their presence on Mystic's website.  Mystic admits that, prior to the Pandemic, the public could, through the "encounters" program, get closer to those belugas than Mystic allows today.  Except as specifically admitted above, Mystic denies all allegations of the Paragraph.

87.     The allegations in Paragraph 87 of the Complaint purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Mystic denies any allegations inconsistent with their plain language and meaning of Mystic's application.

88.     The allegations in Paragraph 88 of the Complaint purport to characterize U.S. and Canadian laws pertaining to marine mammals and the Permit, which speak for themselves and provide the best evidence of their contents.  Mystic denies any allegations inconsistent with the plain language and meaning of these laws and the Permit.

89. In response to the allegations of Paragraph 89 of the Complaint, Mystic admits that NMFS granted the permit on August 27, 2020 subject to conditions, limitations, and restrictions set forth in the Permit.

90. In response to the allegations of the first sentence of Paragraph 90 of the Complaint, Mystic admits that the Permit authorizes the importation of five beluga whales and that the duration of the Permit is 5 years. In response to the allegations of the second sentence, Mystic states that the original import permit granted on August 27, 2020 referenced five belugas (Mira, Qila, Kharabali, Havana, and Frankie), and denies all other allegations. In response to the allegations of the third sentence, Mystic admits that NMFS for purposes of the Permit Application determined to treat the five belugas being imported (both the five originally slated for importation and the five now slated for importation pursuant to the minor amendment) as members of the referenced "depleted" stock. *See* Mystic's response above to Paragraph 34 of the Complaint for more information. All other allegations of Paragraph 90 of the Complaint are denied.

91. The allegations in Paragraph 91 of the Complaint purport to characterize the Minor Permit Amendment and Mystic's request for that minor amendment, which speak for themselves and are the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the Minor Permit Amendment and Mystic's request for the amendment.

92. Mystic admits the allegations of Paragraph 92 of the Complaint (ages cited by Plaintiffs for three of the belugas to be imported are approximately correct), except that the birthdates of the original and substitute whales are stated in the permit and permit amendment and allegations comparing ages are denied to the extent inconsistent with the stated birth dates.

93. In response to the allegations of the first sentence of Paragraph 93, Mystic admits that NMFS on December 23, 2020 approved a Minor Permit Amendment which substituted other

named belugas at Marineland for the three of the five named belugas listed in the Permit. The Minor Permit Amendment is posted on NMFS's website and provides the details including the names, ages, and genders of the three replacement belugas (the Permit provides the name, ages and genders of the two belugas who were not substituted out and so will be imported). In response to the allegations of the second sentence, Mystic admits that NMFS for purposes of the Permit Application determined to treat the five belugas being imported (both the five originally slated for importation and the five now slated for importation pursuant to the minor amendment) as members of the referenced "depleted" stock. See Mystic's response above to paragraph 34 of the Complaint for more information.

94.    Mystic admits the allegations of Paragraph 94 of the Complaint (ages cited by Plaintiffs for the three belugas currently at Mystic are approximately correct).

95.    The allegations in Paragraph 95 of the Complaint purport to characterize the Permit, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the Permit.

96.    The allegations in Paragraph 96 of the Complaint purport to characterize the Permit, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the Permit.

97.    The allegations in Paragraph 97 of the Complaint purport to characterize Mystic's December 1, 2020 plan to prevent breeding and NMFS's December 23, 2020 approval of that plan, which speak for themselves and are the best evidence of their contents. Mystic denies any allegations inconsistent with the plain language and meaning of these documents.

98.    Mystic admits the allegations of Paragraph 98 of the Complaint that NMFS did not seek public comment on Mystic's proposed breeding prevention plan (Mystic notes that NMFS

provided a public comment opportunity on the Permit Application, including issues regarding breeding, and no law requires that NMFS also provide a comment opportunity on a breeding prevention plan). Mystic denies for lack of knowledge the allegations regarding when NMFS published Mystic's breeding prevention plan.

99. The allegations in Paragraph 99 of the Complaint purport to characterize the Permit, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the Permit.

100. The allegations in Paragraph 100 of the Complaint purport to characterize NMFS' Finding of No Significant Impact and Environmental Assessment ("EA/FONSI") for the Permit issued under NEPA, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the EA/FONSI.

101. The allegations in Paragraph 101 of the Complaint purport to characterize NMFS' Finding of No Significant Impact and Environmental Assessment ("EA/FONSI") for the Permit issued under NEPA, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the EA/FONSI. Mystic denies any allegations that activities authorized by the Permit will harm the belugas.

102. The allegations in Paragraph 102 of the Complaint purport to characterize NMFS' Finding of No Significant Impact and Environmental Assessment ("EA/FONSI") for the Permit issued under NEPA, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the EA/FONSI. Mystic denies any allegations that transport from Marineland to Mystic will harm the belugas.

103. The quoted text in Paragraph 103 of the Complaint purports to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents. Mystic denies any

allegations inconsistent with the plain language and meaning of the EA/FONSI. Mystic denies the remaining allegations in Paragraph 96.

104. The allegations in Paragraph 104 of the Complaint purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the EA/FONSI.

105. The allegations in Paragraph 105 of the Complaint purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the EA/FONSI.

106. The allegations in Paragraph 106 of the Complaint purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the EA/FONSI.

107. Mystic denies the allegations of Paragraph 107 of the Complaint.

108. Mystic admits the allegations of Paragraph 108 of the Complaint (Mystic notes that NMFS provided a public comment opportunity on the Permit Application and no law requires that NMFS also provide a comment opportunity on an Environmental Assessment).

109. Mystic admits the allegations of Paragraph 109 of the Complaint.

110. Mystic admits the allegations of Paragraph 110 of the Complaint.

111. In response to the allegations of Paragraph 111 of the Complaint, Mystic states that the means and methods of transporting the beluga whales from Marineland to Mystic are fully described in Mystic's Permit Application, which is the best evidence of its contents. Mystic denies all allegations of Paragraph 104 that do not fully and accurately describe the transport discussion in the Permit Application.

112. Mystic admits the allegations of Paragraph 112 of the Complaint as generally correct (the maximum typical species lengths stated by Plaintiffs may be somewhat too long).

113. In response to the allegations of Paragraph 113 of the Complaint, Mystic states that the means and methods of transporting the beluga whales from Marineland to Mystic are fully described in Mystic's Permit Application, which is the best evidence of its contents. Mystic denies all allegations of the Paragraph that do not fully and accurately describe the transport discussion in the Permit Application.

114. In response to the allegations of Paragraph 114 of the Complaint, Mystic states that the means and methods of transporting the beluga whales from Marineland to Mystic are fully described in Mystic's Permit Application, which is the best evidence of its contents. Mystic denies all allegations of the Paragraph that do not fully and accurately describe the transport discussion in the Permit Application. Mystic denies the allegations about the beluga pools at Mystic as incomplete and misleading. Mystic avers that Mystic's facilities are accredited by professional organizations with requirements that exceed the minimum Federal requirements.

115. Mystic admits the allegations of Paragraph 115 of the Complaint as being generally correct.

116. Mystic denies the allegations of Paragraph 116 of the Complaint.

117. Mystic denies the allegations of Paragraph 117 of the Complaint as misleading and, in agreement with NMFS, further avers that the belugas would be humanely removed from Marineland and transported to Mystic and are expected to form social bonds with the belugas at Mystic, based on the experience of past transfers between facilities.

118. In response to the allegations of Paragraph 118 of the Complaint, Mystic admits that belugas are social animals, denies that belugas form irreplaceable "lifelong bonds," and denies

that movement of the belugas in question from Marineland to Mystic would harm them. They will develop social bonds at Mystic.

119. Mystic denies the allegations of Paragraph 119 of the Complaint.

120. Mystic denies the allegations of Paragraph 120 of the Complaint.

121. Mystic denies the allegations of Paragraph 121 of the Complaint.

122. Mystic denies the allegations of Paragraph 122 of the Complaint.

123. The allegations in Paragraph 123 of the Complaint purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the EA/FONSI.

124. In response to the allegations in Paragraph 124 of the Complaint, Mystic admits that it applied for a scientific research permit. The remaining allegations purport to characterize the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents. Mystic denies any allegations inconsistent with the plain language and meaning of the MMPA and implementing regulations.

125. The allegations in Paragraph 125 of the Complaint purport to characterize Mystic's Permit Application, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of the Permit Application.

126. Mystic denies the allegations of Paragraph 126 of the Complaint.

127. Mystic denies the allegations of Paragraph 127 of the Complaint.

128. Mystic denies the allegations of Paragraph 128 of the Complaint.

129. Mystic denies the allegations of Paragraph 129 of the Complaint.

130. In response to the allegations of Paragraph 130 of the Complaint, Mystic avers that it described in the Permit Application the scientific research activities it proposed including a full

discussion of their impact (including any stress) on the belugas. Mystic denies any allegations that scientific research will cause an impact on the belugas greater than that described in Mystic's Permit Application. Mystic denies the allegation that the combination of transport from Marineland to Mystic followed by research at Mystic will cause additive impact on the animals that would not be caused by the research alone. All other allegations in the Paragraph are denied.

131.    The allegations in the first sentence of Paragraph 131 of the Complaint purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the permit application. Mystic denies the allegations in the second sentence of Paragraph 131.

132.    The allegations in Paragraph 132 of the Complaint purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the permit application.

133.    In response to Paragraph 133 of the Complaint, Mystic admits that the belugas being imported will be displayed to the public incidental to scientific research, and denies all other allegations.

134.    Mystic denies the allegations of Paragraph 134 of the Complaint. Mystic further avers that it and Georgia Aquarium recently mutually terminated the agreement between them that had provided terms for a business relationship. Mystic further avers that the Permit specifies that any transfer of the belugas from Mystic to Georgia Aquarium would require a subsequent approval from NMFS that Mystic has not sought and NMFS has not granted. *See* Mystic's response below to Paragraph 140 of the Complaint and Mystic's Affirmative Defenses below.

135.    Mystic denies the allegations of Paragraph 135 of the Complaint. See Mystic's response above to Paragraph 134 of the Complaint for information.

136.   Mystic denies the allegations of Paragraph 136 of the Complaint.  See Mystic's response above to Paragraph 134 of the Complaint for more information.

137.   Mystic denies the allegations of Paragraph 137 of the Complaint.  See Mystic's response above to Paragraph 124 of the Complaint above for more information.

138.   Mystic denies the allegations of Paragraph 138 of the Complaint.

139.   In response to the allegations of Paragraph 139 of the Complaint, Mystic refers the reader to Georgia Aquarium's website, which contains a news release from Georgia Aquarium dated May 25, 2020 listing the belugas at Georgia Aquarium as of that date.[3]   Mystic denies all allegations in Paragraph 139 not verified in Georgia Aquarium's press release.

140.   In response to the allegations of Paragraph 140 of the Complaint, Mystic admits that it cannot rule out the possibility that Mystic at some future date might seek to transfer the belugas being imported to another qualified institution in the United States, including Georgia Aquarium.  However, the termination of the agreement between Mystic and Georgia Aquarium (discussed above) means as a practical matter that a transfer to Georgia Aquarium is less likely than it was before.  Mystic further avers that the Permit specifies that transfer of the belugas from Mystic to another institution would require a subsequent approval from NMFS that Mystic has not sought and NMFS has not granted.   *See* Mystic's Affirmative Defenses below.  Except as specifically admitted above, Mystic denies the allegations of the Paragraph.

141.   The allegations of Paragraph 141 of the Complaint are denied as outdated for the reasons stated in the response above to Paragraph 134, and also because of Mystic's lack of knowledge regarding Georgia Aquarium's intentions.

---

[3]   http://news.georgiaaquarium.org/stories/beluga-calf-born-at-georgia-aquarium#~:text=Georgia%20Aquarium's%20other%20beluga%20whales,her%20calf%20when%20it's%20appropriate (visited January 13, 2021)

142.     Mystic denies the allegations of Paragraph 142 of the Complaint.

143.     The allegations in Paragraph 143 of the Complaint purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Mystic denies any allegations inconsistent with the plain language and meaning of the Permit.

144.     The allegations in Paragraph 144 of the Complaint purport to characterize Mystic's Permit Application, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the Permit Application.

145.     The allegations in Paragraph 145 of the Complaint purport to characterize the Permit, which speaks for itself and is the best evidence of its contents. Mystic denies any allegations inconsistent with the plain language and meaning of the Permit.

146.     The allegations in Paragraph 146 of the Complaint purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Mystic denies any allegations inconsistent with the plain language and meaning of the Permit.

147.     The allegations in Paragraph 147 of the Complaint consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Mystic denies any allegations inconsistent with the plain language and meaning of the MMPA and its implementing regulations.

148.     The allegations in Paragraph 148 of the Complaint consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Mystic denies any allegations inconsistent with the plain language and meaning of the MMPA and its implementing regulations.

149.     The allegations in paragraph 149 of the Complaint consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Mystic denies any allegations inconsistent with the plain language and meaning of the MMPA and its implementing regulations.

150.     The allegations in Paragraph 150 of the Complaint consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize the MMPA, which speak for itself and provides the best evidence of its contents.  Mystic denies any allegations inconsistent with the plain language and meaning of the MMPA.

151.     Paragraph 151 of the Complaint incorporates the allegations of Paragraphs 1-150 of the Complaint.  Mystic incorporates its response above to those Paragraphs.

152.     Mystic denies the allegations of Paragraph 152 of the Complaint.

153.     Mystic denies the allegations of Paragraph 153 of the Complaint.

154.     Mystic denies the allegations of Paragraph 154 of the Complaint.

155.     Mystic denies the allegations of Paragraph 155 of the Complaint.

156.     Mystic denies the allegations of Paragraph 156 of the Complaint.

157.     Mystic denies the allegations of Paragraph 157 of the Complaint.

158.     Mystic denies the allegations of Paragraph 158 of the Complaint.

159.     Mystic denies the allegations of Paragraph 159 of the Complaint.

160.     Mystic denies the allegations of Paragraph 160 of the Complaint.

161.     Mystic denies the allegations of Paragraph 161 of the Complaint.

162.     Paragraph 162 of the Complaint incorporates the allegations of Paragraphs 1-161 of the Complaint.  Mystic incorporates its response above to those Paragraphs.

163.    Mystic denies the allegations of Paragraph 163 of the Complaint.

164.    Mystic denies the allegations of Paragraph 164 of the Complaint.

165.    Mystic denies the allegations of Paragraph 165 of the Complaint.

166.    Mystic denies the allegations of Paragraph 166 of the Complaint.

## Response to Plaintiffs' Prayer for Relief

Mystic denies that Plaintiffs are entitled to any relief.

## Affirmative Defenses

Without taking on the burden of proof on any matter for which that burden properly rests on Plaintiffs, Mystic states the following matters bar all or part of Plaintiffs' Complaint:

### A.  Standing

Plaintiffs lack standing to sue.

### B.  Non-Preserved Issues / Failure to Exhaust Administrative Remedies

Plaintiffs' claims are barred to the extent not presented to NMFS during the administrative proceedings leading up to the issuance of the Permit by NMFS.

### C.  Unripe Claims

Several provisions of the Permit require Mystic to refrain from taking identified specific future actions regarding the beluga whales being imported (e.g. further transfer of the whales to another institution) until after Mystic applies for and obtains an additional approval from NMFS specific to that possible future action.   To the extent Plaintiffs challenge the Permit based on Plaintiffs' objection to potential future actions for which Mystic has not sought approval from NMFS and/or NMFS has not yet granted approval, Plaintiffs' claims are premature and unripe.

WHEREFORE,

Defendant-Intervenor Sea Research Foundation, Inc. d/b/a Mystic Aquarium respectfully requests that the Court enter judgment in favor of all Defendants against Plaintiffs, deny Plaintiffs all relief, and award Mystic such other and further relief as is just and appropriate.

Dated February 10, 2021                    Respectfully submitted,

                                           DEFENDANT-INTERVENOR
                                           THE SEA RESEARCH FOUNDATION, INC.
                                           d/b/a MYSTIC AQUARIUM

By:

*/s/ James H. Lister*                      */s/ Lawrence S, Grossman*
James H. Lister (DC 447878) and            Jeffrey M. Sklarz (ct20938)
Nicole M. Bayne (CA 328392)                Lawrence S. Grossman (ct15790)
Birch Horton Bittner & Cherot, P.C.        Green & Sklarz, LLC
1100 Connecticut Ave., NW,                 One Audubon Street, Third Floor
Suite 825                                  New Haven, CT 06511
Washington, D.C. 20036                     (203) 285-8545
(202) 659-5800                             Fax: (203) 823-4546
jlister@dc.bhb.com                         lgrossman@gs-lawfirm.com
nbayne@dc.bhb.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


Date: February 10, 2021                           /s/ Lawrence S. Grossman
                                                  Lawrence S, Grossman