# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRIENDS OF ANIMALS, et al., | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-1312-AWT |
| | ) | |
| WYNN COGGINS, et al., | ) | FEBRUARY 10, 2021 |
| *Defendants*. | ) | |
| and | ) | |
| | ) | |
| SEA RESEARCH FOUNDATION, INC., | ) | |
| *Defendant-Intervenor* | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants Wynn Coggins, in her official capacity as Acting Secretary of Commerce and the National Marine Fisheries Service ("NMFS") (collectively, "Federal Defendants"),[1] by and through the undersigned attorneys, answer the claims and allegations raised against them in the January 27, 2021, Amended Complaint of Plaintiffs Friends of Animals and Last Chance for Animals ("Plaintiffs"). ECF No. 54. The sections and numbered paragraphs of this Answer correspond to the sections and numbered paragraphs in the Amended Complaint.[2]

---

[1] NMFS is an agency within the National Oceanic and Atmospheric Administration ("NOAA"), which is an agency with the U.S. Department of Commerce.

[2] Plaintiffs' claims are reviewed pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. "In an action such as this, in which the court's task is limited to determining whether the agency action under scrutiny can withstand APA review, the critical consideration is the record which was before the agency at the time of the determination, and thus the need for resolution of fact issues which often are sharply contested . . . does not generally apply." *Tarbell v. Dep't of Interior*, 307 F. Supp. 2d 409, 421 (N.D.N.Y. 2004) ("[i]n reviewing administrative agency decisions, the function of the district court is to determine whether or not as a matter of law, evidence in the administrative record permitted the agency to make the decision it did.") (alteration in original) (internal quotations and citations omitted). Thus, the allegations of fact in the Amended Complaint and any responses contained in an answer are not relevant to the judicial review sought in this action. Nonetheless, Defendants herein respond to the numbered paragraphs of the Amended Complaint.

**INTRODUCTION**

1.      The allegations in the first through fourth sentences of paragraph 1 characterize Plaintiffs' case and purported motivations for bringing suit, which require no response.  To the extent that a response is required, the allegations are too vague and ambiguous to permit a response, and are denied on that basis.  The allegations in the fifth and sixth sentences of paragraph 1 appear to characterize a statement by an individual quoted in an October 9, 2012 news article,[3] which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the statement in the news article.

2.      The allegations in the first sentence of paragraph 2 purport to characterize a permit issued by NMFS on August 27, 2020 under the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1361, et seq., allowing Sea Research Foundation, Inc. d/b/a Mystic Aquarium ("Mystic") to import five beluga whales from Marineland of Ontario, Canada ("Marineland") for scientific research.  85 Fed. Reg. 56,219 (Sept. 11, 2020) ("Permit").  The Permit speaks for itself and is the best evidence of its contents, and Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.  Defendants deny the allegations in the second and third sentences of paragraph 2.

3.      The allegations in paragraph 3 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

4.      The allegations in the first sentence of paragraph 4 are Plaintiffs' description of the nature of their suit that requires no response.  To the extent a response is required,

---

[3] *See* Felicity Barringer, *Opposition as Aquarium Seeks Import of Whales*, The New York Times (Oct. 9, 2012), https://www.nytimes.com/2012/10/10/science/earth/strong-opposition-to-aquariums-plan-to-import-beluga-whales.html.

Defendants deny the allegations.  Defendants deny the allegations in the second sentence of paragraph 4.

5.      Defendants deny the allegations in paragraph 5.

6.      Defendants deny the allegations in paragraph 6.

7.      The allegations in the first sentence of paragraph 7 purport to characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the statute.  The allegations in the second sentence consist of legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.  The allegations in the second sentence of paragraph 7 also are too vague and ambiguous to permit a response, and Defendants deny them on that additional basis.

8.      The allegations in the first sentence of paragraph 8 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the statute.  The allegations in the second and third sentences of paragraph 8 are too vague and ambiguous to permit a response, and are denied on that basis.  To the extent that the allegations in the third sentence of paragraph 8 pertain to members and staff of Plaintiff Friends of Animals, Defendants lack sufficient information to form a belief as to the truth of the allegations, and Defendants deny these allegations on that basis.

9.      Defendants deny the allegations in the first sentence of paragraph 9.  The allegations in the second sentence of paragraph 9 consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents.  Defendants deny any

allegations inconsistent with the plain language and meaning of NEPA.  Defendants deny the
allegations in the third, fourth, and fifth sentences of paragraph 9.

    10.    Defendants deny the allegations in paragraph 10.

    11.    The allegations in paragraph 11 purport to characterize Plaintiffs' case and the
relief sought, which require no response.  To the extent that a response is required, Defendants
deny the allegations, and specifically deny that Defendants have violated the MMPA, NEPA, or
any other law and that Plaintiffs are entitled to any relief.

**JURISDICTION AND VENUE**

    12.    The allegations in paragraph 12 consist of legal conclusions that require no
response.

    13.    The allegations in paragraph 13 consist of legal conclusions that require no
response.

    14.    The allegations in paragraph 14 consist of legal conclusions, which require no
response.

**PARTIES**

    15.    Defendants lack information and knowledge sufficient to form a belief as to the
truth of the allegations in paragraph 15 and deny them on that basis.

    16.    Defendants deny the allegations in the first sentence of paragraph 16.  With
respect to the allegations in the second and third sentences of paragraph 16 that pertain to
Plaintiff Friends of Animals' members and staff, Defendants lack information and knowledge
sufficient to form a belief as to the truth of the allegations and deny them on that basis.  The
remaining allegations in the third sentence of paragraph 16 are too vague and ambiguous to
permit a response and are denied on that basis.

17.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and deny them on that basis.

18.     Defendants deny the allegations in the first sentence of paragraph 18.  With respect to the allegations in the second through sixth sentences of paragraph 18 that pertain to Plaintiff Last Chance for Animals' members and staff, Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations and deny them on that basis.  Defendants deny the allegations in the seventh sentence of paragraph 18.

19.     Defendants deny the allegations in paragraph 19, and aver that Wynn Coggins is Acting Secretary of Commerce.

20.     Defendants admit the allegations in the first sentence of paragraph 20.  As to the allegations in the second sentence of paragraph 20, Defendants admit that NMFS is a federal agency with responsibility for regulation and conservation of the nation's marine resources, but avers that it is not the only federal agency with such responsibilities.  Defendants admit the allegations in the third sentence of paragraph 20.

**LEGAL BACKGROUND**

21.     The allegations in the first sentence of paragraph 21 purport to characterize the MMPA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the statute.  The allegations in the second sentence of paragraph 21 purport to characterize a judicial decision, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the cited decision.

22.     The allegations in paragraph 22 purport to characterize provisions of the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and provide the

best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the provisions.

23.    The allegations in paragraph 23 purport to characterize a provision of the MMPA, 16 U.S.C. § 1372(c)(1)(B), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

24.    The allegations in the first sentence of paragraph 24 purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.34(a)(4), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.  The remaining allegations in paragraph 24 purport to characterize two judicial decisions, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these decisions.

25.    The allegations in paragraph 25 purport to characterize provisions of NMFS' regulations implementing the MMPA, 50 C.F.R. §§ 216.34(a)(5)-(6), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these provisions.

26.    The allegations in paragraph 26 purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.41(b)(1), which speaks for itself and provides the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

27.    The allegations in paragraph 27 purport to characterize a judicial decision, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the decision.

28.     The allegations in paragraph 28 purport to characterize a provision of the MMPA, 16 U.S.C. § 1362(1), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.  Defendants further aver that Plaintiffs incorrectly cite this provision as 16 U.S.C. § 1362(3)(1).

29.     The allegations in paragraph 29 purport to characterize provisions of NMFS' regulations implementing the MMPA, 50 C.F.R. §§ 216.41(c)(1)(vi)-(vii), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these provisions.

30.     The allegations in paragraph 30 purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.35(i), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

31.     The allegations in paragraph 31 purport to characterize a provision of the MMPA, 16 U.S.C. § 1374(d)(5), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

32.     The allegations in paragraph 32 purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.33(a), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

33.     Defendants admit that NMFS designated the Sakhalin Bay-Nikolaya Bay-Amur River stock of beluga whales as depleted under the MMPA.

34.     The allegations in paragraph 34 consist of legal conclusions that requires no response.

35.     The allegations in the first sentence of paragraph 35 purport to characterize provisions of NMFS' regulations implementing the MMPA, 50 C.F.R. §§ 216.12(c)(4)-(5), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these provisions.  The allegations in the second sentence of paragraph 35 purport to characterize a provision of the MMPA, 16 U.S.C. § 1372(b), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

36.     The allegations in the first sentence of paragraph 36 purport to characterize provisions of NMFS' regulations implementing the MMPA, 50 C.F.R. §§ 216.41(b)(5)(i)-(ii), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these provisions.  The allegations in the second sentence of paragraph 36 purport to characterize a provision of NMFS' regulations implementing the MMPA, 50 C.F.R. § 216.41(b)(5)(iii), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

37.     The allegations in paragraph 37 purport to characterize a provision of the MMPA, 16 U.S.C. § 1374(c)(2)(B), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of this provision.

38.     The allegations in paragraph 38 purport to characterize NEPA and a provision of the Council on Environmental Quality regulations regarding NEPA ("NEPA regulations"), which speak for themselves and are the best evidence of their contents.  Defendants deny any

allegations inconsistent with the plain language and meaning of the statute and the cited provision of the NEPA regulations.

39.      The allegations in paragraph 39 purport to characterize a provision of the NEPA regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with their plain language and meaning of the provision.

40.      The allegations in paragraph 40 purport to characterize a provision of NEPA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the provision.

41.      The allegations in paragraph 41 purport to characterize a provision of the NEPA regulations, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the provision.

42.      The allegations in paragraph 42 purport to characterize a provision of the NEPA regulations, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the provision.

43.      The allegations in paragraph 43 purport to characterize a 2017 NOAA Manual regarding NEPA ("NEPA Manual"), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this document.

44.      The allegations in paragraph 44 purport to characterize the NEPA Manual, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this document.

45.      The allegations in paragraph 45 purport to characterize the NEPA Manual, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this document.

46.     The allegations in paragraph 46 purport to characterize a cited judicial decision, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the language and meaning of this decision.

## FACTUAL BACKGROUND

47.     Defendants admit the allegations in paragraph 47.

48.     Defendants admit the allegations in paragraph 48.

49.     Defendants admit the allegations in the first three sentences of paragraph 49.  The allegations in the fourth sentence of paragraph 49 are too vague and ambiguous to permit a response and are denied on that basis.

50.     Defendants admit the allegations in paragraph 50.

51.     NMFS lacks sufficient information to form a belief as to the truth of the allegations in paragraph 51 regarding the total number of belugas worldwide in captivity today, and denies the allegations on that basis.  NMFS further avers that the total number of belugas in captivity include those born in captivity, such as the belugas at issue in this case.

52.     The allegations in paragraph 52 are too vague and ambiguous to permit a response and are denied on that basis.

53.     With respect to the allegations in the first sentence of paragraph 53, Defendants admit that belugas rely on their hearing and their ability to echolocate, using sound to navigate and hunt for prey, but otherwise the allegations are too vague and ambiguous to permit a response and are denied on that basis.  The allegations in the second sentence of paragraph 53 are too vague and ambiguous to permit a response and are denied on that basis.

54.     The allegations in paragraph 54 are too vague and ambiguous to permit a response and are denied on that basis.

55.     With respect to the allegations in paragraph 55, Defendants admit that belugas may live to be 80 years of age, but otherwise the allegations are too vague and ambiguous to permit a response and are denied on that basis.

56.      With respect to the allegations in paragraph 56, Defendants admit that six aquariums in the United States display captive belugas, including Mystic and Georgia Aquarium, and that some efforts have occurred among these aquariums to breed belugas, but otherwise the allegations are too vague and ambiguous to permit a response and are denied on that basis.

57.     The allegations in paragraph 57 are too vague and ambiguous to permit a response and are denied on that basis.

58.     Defendants admit the allegations in the first sentence of paragraph 58.  The allegations in the second sentence of paragraph 58 purport to characterize an unidentified statement, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this statement.

59.     The allegations in paragraph 59 purport to characterize NMFS' decision on Georgia Aquarium's application to import beluga whales, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this decision.

60.     Defendants admit the allegations in the first and second sentences of paragraph 60.  The allegations in the third sentence of paragraph 60 are too vague and ambiguous to permit a response and are denied on that basis.

61.     The allegations in paragraph 61 are too vague and ambiguous to permit a response and are denied on that basis.

62.     The allegations in paragraph 62 are too vague and ambiguous to permit a response and are denied on that basis.

63.    Defendants admit the allegations in paragraph 63.

64.    The allegations in the first sentence of paragraph 64 are too vague and ambiguous to permit a response and are denied on that basis.  With respect to the allegations in the second sentence of paragraph 64, Defendants lack sufficient information to form a belief as to the truth of the allegations, and Defendants deny the allegations on that basis.

65.    The allegations in paragraph 65 are too vague and ambiguous to permit a response and are denied on that basis.

66.    The allegations in the first and second sentences of paragraph 66 are too vague and ambiguous to permit a response and are denied on that basis.  As to the allegations in the third sentence of paragraph 66, NMFS is aware of reports that Marineland has more than 50 belugas, but lacks sufficient information to form a belief as to the specific number of beluga whales currently held by Marineland.

67.    The allegations in paragraph 67 purport to characterize information in Mystic's permit application and NMFS' August 27, 2020 Recommendation Memorandum for the Permit ("Recommendation Memorandum"), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these documents.

68.    The allegations in paragraph 68 consist of legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

69.    The allegations in paragraph 69 are too vague and ambiguous to permit a response and are denied on that basis.

70.    The allegations in paragraph 70 purport to characterize a Canadian bill, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the bill.

71.     The allegations in paragraph 71 purport to characterize a Canadian law, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the cited law.

72.     The allegations in paragraph 72 purport to characterize provisions of a Canadian law, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the cited law.

73.     The allegations in paragraph 73 purport to characterize a statement from a Canadian senator, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the statement.

74.     The allegations in paragraph 74 purport to characterize a Canadian law, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the cited law.

75.     The allegations in paragraph 75 are too vague and ambiguous to permit a response and are denied on that basis.

76.     The allegations in paragraph 76 purport to characterize a partnership agreement between Marineland and Mystic, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the agreement.

77.     Defendants admit that news reports indicate that Marineland transferred two belugas to the identified Spanish facility, but Defendants otherwise lack sufficient knowledge to form a belief as to the truth of the allegations.

78.     The allegations in paragraph 78 purport to characterize an October 1, 2019 Federal Register notice issued by NMFS regarding Mystic's permit application, which speaks for

itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this notice.

79.     The allegations in paragraph 79 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the application.

80.     The allegations in paragraph 80 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the application.

81.     The allegations in paragraph 81 purport to characterize NMFS' October 1, 2019 Federal Register notice regarding Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this notice.

82.     The allegations in paragraph 82 purport to characterize public comments on Mystic's permit application, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with their plain language and meaning.  The allegation that Mystic's permit application was "controversial" also is a legal conclusion, for which no response is required.  To the extent that a response is required for this allegation, Defendants deny the allegation.

83.     The allegations in paragraph 83 purport to characterize public comments on Mystic's application, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with their plain language and meaning of the public comments.

84.     The allegations in paragraph 84 purport to characterize Plaintiff Friends of Animals' comments on Mystic's permit application, which speak for themselves and are the best

14

evidence of their contents.  Defendants deny any allegations inconsistent with their plain language and meaning of the comments.

85.     The allegations in the first sentence of paragraph 85 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of this application.  The allegations in the second sentence of paragraph 85 are too vague and ambiguous to permit a response and are denied on that basis.

86.     The allegations in paragraph 86 purport to characterize statements made on Mystic's website, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the cited statements on Mystic's website.

87.     The allegations in paragraph 87 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with their plain language and meaning of Mystic's application.

88.     The allegations in paragraph 88 purport to characterize U.S. and Canadian laws pertaining to marine mammals and the Permit, which speak for themselves and provide the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these laws and the Permit.

89.     As to the allegations in paragraph 89, Defendants admit that NMFS issued the Permit on August 27, 2020, but aver that NMFS did not approve all of the activities that Mystic proposed in its application.

90.     Defendants admit the allegations in the first sentence of paragraph 90.  As to the allegations in the second sentence of paragraph 90, Defendants admit that Mystic originally applied to import the identified belugas located at Marineland, but aver that on December 23,

2021, NMFS approved a minor amendment to the Permit substituting three other belugas at Marineland for the animals identified as Mira, Qila, and Frankie.  Defendants further aver that the belugas identified as Kharabali and Havana have aged approximately one year since the application was submitted.  As to the allegations in the third sentence of paragraph 90, NMFS avers that for purposes of Mystic's permit application, NMFS treated all of the belugas as if they were members of the Sakhalin Bay-Nikolaya Bay-Amur River depleted stock.

91.     Defendants admit the allegations in the first sentence of paragraph 91.  The allegations in the second sentence of paragraph 91 purport to characterize a Mystic letter to NMFS regarding the proposed substitution of belugas, which speaks for itself and provides the best evidence of its contents.  Defendants deny any allegations inconsistent with their plain language and meaning of Mystic's letter.

92.     Defendants admit the allegations in paragraph 92.

93.     Defendants admit the allegations in the first sentence of paragraph 93.  As to the allegations in the second sentence of paragraph 93, NMFS avers that for purposes of Mystic's permit application, NMFS treated all of the belugas as if they were members of the Sakhalin Bay-Nikolaya Bay-Amur River depleted stock.

94.     As to the allegations in paragraph 94, Defendants admit that the five belugas to be imported would join three belugas already at Mystic, but deny that the belugas already at Mystic are the ages alleged.

95.     The allegations in paragraph 90 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

96.     The allegations in paragraph 96 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

97.     The allegations in paragraph 97 purport to characterize the breeding prevention plan submitted by Mystic on December 1, 2020 and NMFS' December 23, 2020 written decision approving a final breeding prevention plan.  These documents speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these documents.

98.     Defendants deny that the public had no opportunity to comment on any and all appropriate conditions for the Permit, including whether breeding should be permitted and/or how it should be restricted.  Defendants further aver that contrary to the implication in the allegations in paragraph 98, NMFS did not approve a breeding prevention plan identical in all respects to the breeding prevention plan submitted by Mystic.

99.     The allegations in paragraph 99 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

100.    The allegations in paragraph 100 purport to characterize NMFS' Finding of No Significant Impact and Environmental Assessment ("EA/FONSI") for the Permit issued under NEPA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

101.    The allegations in paragraph 101 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

17

102.     The allegations in paragraph 102 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

103.     The quoted text in paragraph 103 purports to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.  Defendants deny the remaining allegations in paragraph 103.

104.     The allegations in paragraph 104 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

105.     The allegations in paragraph 105 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

106.     The allegations in paragraph 106 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

107.     Defendants deny the allegations in paragraph 107.

108.     Defendants admit the allegations in paragraph 108.

109.     The allegations in paragraph 109 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

110.     The allegations in paragraph 110 purport to characterize the EA/FONSI, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

111.    The allegations in paragraph 111 purport to characterize information in Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the application.

112.    As to the allegations in paragraph 112, Defendants aver that NMFS' website states that beluga whales average 13 feet in length but may reach 16 feet, while other sources report slightly different ranges.  Defendants lack sufficient information to form a belief as to whether belugas may reach 20 feet in length as Plaintiffs allege.

113.    The allegations in paragraph 113 purport to characterize information in Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the application.

114.    The allegations in paragraph 114 purport to characterize information in Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the application.

115.    Defendants admit that the photographs in paragraph 115 appear to show beluga whales in transport (by the Shedd Aquarium).  The allegations in the second sentence of paragraph 115 purport to characterize the methods to be used by Mystic to transport the belugas. These methods are described in Mystic's permit application, which speaks for itself and provides the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the application.

116.    The allegations in paragraph 116 are too vague and ambiguous to permit a response and are denied on that basis.

117.    The allegations in paragraph 117 are too vague and ambiguous to permit a response and are denied on that basis.  Defendants further aver that the belugas would be

humanely removed from Marineland and that the belugas are expected to form social bonds with the belugas at Mystic, based on the experience of past beluga transfers between facilities.

118.    The allegations in paragraph 118 are too vague and ambiguous to permit a response and are denied on that basis.  Defendants further aver that the belugas are expected to form social bonds with the belugas at Mystic, based on the experience of past beluga transfers between facilities.

119.    The allegations in paragraph 119 are too vague and ambiguous to permit a response and are denied on that basis.  Defendants further aver that that the transfer would not have lasting harmful effects on the belugas, based on the experience of past beluga transfers between facilities.

120.    The allegations in paragraph 120 are too vague and ambiguous to permit a response and are denied on that basis.  Defendants further aver that the transport would not subject the belugas to significant increased risks of disease or death, based on the experience of past beluga transports.

121.    The allegations in paragraph 121 that belugas are "susceptible" to coronaviruses are too vague and ambiguous to permit a response and are denied on that basis.  The remaining allegations in paragraph 121 purport to characterize an unidentified study, which speaks for itself and provides the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the unidentified study.

122.    The allegations in paragraph 122 are too vague and ambiguous to permit a response and are denied on that basis.

123.    The allegations in paragraph 123 purport to characterize the EA/FONSI, which speaks for itself and provides the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the EA/FONSI.

124.     With respect to the allegations in paragraph 124, Defendants admit that Mystic applied for a scientific research permit.  The remaining allegations purport to characterize the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the MMPA and implementing regulations.

125.     The allegations in paragraph 125 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

126.     The allegations in paragraph 126 purport to ascribe alternative motives to Mystic for applying for the Permit other than scientific research.  Defendants lack sufficient information to form a belief as to truth of these allegations, and denies them on that basis.  Defendants further aver that NMFS placed conditions on the Permit to ensure that all requirements of the MMPA and implementing regulations for a scientific research permit were met.

127.     The allegations in paragraph 127 purport to ascribe alternative motives to Mystic for applying for the Permit other than scientific research.  Defendants lack sufficient information to form a belief as to truth of these allegations, and denies them on that basis.  Defendants further aver that NMFS placed conditions on the Permit to ensure that all requirements of the MMPA and implementing regulations for a scientific research permit were met.

128.     Defendants deny the allegations in paragraph 128.

129.     Defendants deny the allegations in paragraph 129.

130.     The allegations in paragraph 130 are too vague and ambiguous to permit a response and are denied on that basis.

131.     The allegations in the first sentence of paragraph 131 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.

Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.  Defendants deny the allegations in the second sentence of paragraph 131.

132.     The allegations in paragraph 132 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

133.     The allegations in paragraph 133 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

134.     The allegations in paragraph 134 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application. Defendants further aver that Mystic has subsequently informed NMFS that Mystic and Georgia Aquarium have terminated the financial agreement associated with this Permit, but Georgia Aquarium has agreed to provide assistance with animal care as needed by Mystic, if necessary.

135.     The allegations in paragraph 135 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application. Defendants further aver that Mystic has subsequently informed NMFS that Mystic and Georgia Aquarium have terminated the financial agreement associated with this Permit, but Georgia Aquarium has agreed to provide assistance with animal care as needed by Mystic, if necessary. Defendants aver that Mystic stated that they have obtained funding from a donor to acquire, transport, and care for the five beluga whales specified in the Permit.

136.     The allegations in paragraph 136 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any

allegations inconsistent with the plain language and meaning of the permit application.
Defendants further aver that Mystic has subsequently informed NMFS that Mystic and Georgia
Aquarium have terminated the financial agreement associated with this Permit, but Georgia
Aquarium has agreed to provide assistance with animal care as needed by Mystic, if necessary.

137.    The allegations in the first and second sentences of paragraph 137 purport to
characterize Mystic's permit application, which speaks for itself and is the best evidence of its
contents.  Defendants deny any allegations inconsistent with the plain language and meaning of
the permit application.  Defendants further aver that Mystic has subsequently informed NMFS
that Mystic and Georgia Aquarium have terminated the financial agreement associated with this
Permit, but Georgia Aquarium has agreed to provide assistance with animal care as needed by
Mystic, if necessary.  The allegations in the third sentence of paragraph 137 purport to
characterize NMFS' Recommendation Memorandum, which speaks for itself and is the best
evidence of its contents.  Defendants deny any allegations inconsistent with the plain language
and meaning of the Recommendation Memorandum.

138.    Defendants deny the allegations in paragraph 138.

139.    The allegations in paragraph 139 purport to characterize Mystic's permit
application, which speaks for itself and is the best evidence of its contents.  Defendants deny any
allegations inconsistent with the plain language and meaning of the permit application.
Defendants further aver that the number and ages of belugas at Georgia Aquarium have changed
since the permit application.

140.    The allegations in paragraph 140 purport to characterize Mystic's permit
application, which speaks for itself and is the best evidence of its contents.  Defendants deny any
allegations inconsistent with the plain language and meaning of the permit application.
Defendants further aver that Mystic has subsequently informed NMFS that Mystic and Georgia

Aquarium have terminated the financial agreement associated with this Permit, but Georgia Aquarium has agreed to provide assistance with animal care as needed by Mystic, if necessary.

141.    The allegations in paragraph 141 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

142.    The allegations in paragraph 142 are too vague and ambiguous to permit a response and are denied on that basis.  Defendants further aver that a subsequent transfer to Georgia Aquarium would not "deeply traumatize" the belugas, as alleged by Plaintiffs, and would be done for the health and safety of the belugas at Mystic.

143.    The allegations in paragraph 143 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

144.    The allegations in paragraph 144 purport to characterize Mystic's permit application, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the permit application.

145.    The allegations in paragraph 145 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

146.    The allegations in paragraph 146 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Permit.

147.    The allegations in paragraph 147 consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and are

the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the MMPA and its implementing regulations.

148.    The allegations in paragraph 148 consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the MMPA and its implementing regulations.

149.    The allegations in paragraph 149 consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize the MMPA and NMFS' regulations implementing the MMPA, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the MMPA and its implementing regulations.

150.    The allegations in paragraph 150 consist of legal conclusions, which require no response.  To the extent that a response is required, the allegations purport to characterize the MMPA, which speak for itself and provides the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the MMPA.

## FIRST CAUSE OF ACTION (MMPA and APA)

151.    Defendants incorporate by reference each and every response and averment in the preceding paragraphs of this answer.

152.    Defendants deny the allegations in paragraph 152.

153.    Defendants deny the allegations in paragraph 153.

154.    Defendants deny the allegations in paragraph 154.

155.    Defendants deny the allegations in paragraph 155.

156.    Defendants deny the allegations in paragraph 156.

157.    Defendants deny the allegations in paragraph 157.

158.    Defendants deny the allegations in paragraph 158.

159.    Defendants deny the allegations in paragraph 159.

160.    Defendants deny the allegations in paragraph 160.

161.    Defendants deny the allegations in paragraph 161.

## SECOND CAUSE OF ACTION (NEPA and APA)

162.    Defendants incorporate by reference each and every response and averment in the preceding paragraphs of this answer.

163.    The allegations in paragraph 163 consist of legal conclusions that require no response.

164.    Defendants deny the allegations in paragraph 164.

165.    Defendants deny the allegations in paragraph 165.

166.    Defendants deny the allegations in paragraph 166.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' demand for relief, which requires no response.  If a response is required, Defendants deny that they have violated the MMPA, NEPA, the APA, or any other law, and deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

Plaintiffs lack standing.

Respectfully submitted,

JOHN H. DURHAM
United States Attorney

By: */s/ Natalie N. Elicker*
Natalie N. Elicker, ct28458
Assistant United States Attorney
157 Church Street

New Haven, CT 06510
Telephone: (203) 821-3700
Fax: (203) 773-5373
Email: Natalie.Elicker@usdoj.gov

JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief

*/s/ Clifford E. Stevens, Jr.*
CLIFFORD E. STEVENS, JR.
Senior Trial Attorney, D.C. Bar Number 463906
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 353-0368
Fax: (202) 305-0275
Email: clifford.stevens@usdoj.gov

*Attorneys for Federal Defendants*