## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRIENDS OF ANIMALS, a non-profit corporation; <br><br> and <br><br> LAST CHANCE FOR ANIMALS, a non-profit corporation; <br><br> *Plaintiffs*, <br><br> v. <br><br> GINA RAIMONDO, in her official capacity as Secretary of Commerce; <br><br> and <br><br> NATIONAL MARINE FISHERIES SERVICE, an agency within the United States Department of Commerce; <br><br> *Defendants*, <br><br> and <br><br> SEA RESEARCH FOUNDATION, INC. <br><br> *Defendant-Intervenor* | No. 3:20-cv-01312-AWT <br><br><br><br> **SUPPLEMENTAL REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS' CROSS MOTIONS FOR SUMMARY JUDGMENT** <br><br><br> April 9, 2021 |

In their reply briefs, Defendants focus on a standing argument that they had collectively devoted one sentence to in their opening briefs (and which neither raised as an affirmative defense). *See* ECF 64-1 at 12-13. Plaintiffs disagree with Federal Defendants' position that the MMPA "does not permit a party to obtain judicial review under the MMPA unless *that party* timely files a complaint." ECF 70 at 3. Their view is prohibitively narrow and finds no support in the statute or any other authority. Rather, Defendants' interpretation is contrary to the provision's own language, which provides that "[a]ny applicant for a permit, or any party opposed to such permit, may obtain judicial review of the terms and conditions of any permit . . . ." 16 U.S.C. § 1374(d)(6). Then, the following sentence provides that "[s]uch review . . . may be initiated by filing a petition for review . . . within sixty days after the date on which such permit is issued or denied." *Id.* In the case at hand, "such review" was "initiated" within sixty days of the Permit being issued when Friends of Animals filed the Complaint on September 3, 2020. The MMPA requires nothing more. Had Congress wished to bar parties like Last Chance for Animals (LCA) from joining a properly initiated lawsuit, it would have clarified that only "parties" that file suit within sixty days of a permit being issued may maintain a suit. The absence of such language means that Defendants' challenge to LCA's standing fails because it contravenes the MMPA.

Defendants' argument is also inconsistent with positions they have taken in this litigation. Mystic moved to intervene in this case more than sixty days after the Permit was issued, and Federal Defendants did not object to Mystic's intervention. *See* ECF 33. The MMPA makes no distinction between an "applicant for a permit" and a "party opposed to such permit." *See* 16 U.S.C. § 1374(d)(6). Just as Mystic could intervene in an existing lawsuit to defend the Permit more than sixty days after it was issued, so could LCA join the lawsuit to challenge it. Notably, as Mystic concedes, the sixty-day provision does not apply to NEPA claims. *See* ECF 71 at 2-3.

1

After not raising the statute of limitations in its initial brief, *see* ECF 62-4, Mystic argued in its reply brief that the Amended Complaint should not relate back. *See* ECF 71 at 1. The only authority Mystic cites for this argument is a district court case from New Jersey. *See id.* But that case is inapplicable as it differs significantly from this case. Here, Plaintiffs amended the complaint as a matter of right. In the case cited by Mystic, the plaintiffs required leave to file a third amended complaint to add a defendant to cure deficiencies nearly four years later. *Wellness Publ'g v. Barefoot*, No. 02-3773 (JAP), 2008 U.S. Dist. LEXIS 1514, at *11, *26-27 (D.N.J. Jan. 8, 2008).[1] Moreover, in that case, when the initial complaint was filed, the plaintiffs had not registered the copyright, meaning the court could not have had subject matter jurisdiction over the plaintiffs' copyright infringement claims based on the facts existing at the time. *Id.* at *26-27. In contrast, here the facts of Katherine Logan's declaration were the "facts existing" when the initial Complaint was filed. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992).

Mystic's argument that "the Court did not obtain subject matter jurisdiction" when the Complaint was filed, ECF 71 at 1, is not only wrong, *see* ECF 68 at 7-9, but irrelevant. Mystic fails to recognize that Plaintiffs filed the Amended Complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). "[W]here, as here, a plaintiff amends its complaint as of right, the Civil Rules operate mechanically, and the judge's authority over the case is not brought to bear. . . . [and] the absence of federal subject matter jurisdiction in the original complaint will pose no obstacle to the consideration of an amended complaint." *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 96 (1st Cir. 2008). This case cannot be analogized to cases that required leave to amend:

> Where leave of the court is required, the rule that a court must examine the existence of subject matter jurisdiction as of the time of the filing of the original complaint is applicable because the court is asked to exercise discretion to grant or deny leave to

---

[1] The case cited by *Wellness Publishing* is not analogous because there the plaintiff's premature challenge of agency action was "improper," and its amended complaint added a new claim, *see Kreider Dairy Farms, Inc. v. Glickman*, 190 F.3d 113, 121 (3d Cir. 1999), which requires a stricter analysis than adding a plaintiff. *See supra* at 3.

2

amend, the exercise of which necessarily implicates whether the court has such authority, which would be lacking absent subject matter jurisdiction. Where the plaintiff may amend as of a matter of course, however, no examination of judicial authority is implicated because such amendment is permitted to take place without judicial scrutiny.

*Am. Chars. for Reason. Fundr. Regul., Inc. v. Shiffrin*, 46 F. Supp. 2d 143, 154 (D. Conn. 1999).

Mystic also fails to recognize that this case cannot be analogized to cases where plaintiffs sought to "aid jurisdiction" after jurisdiction was challenged. *See id.* Federal Defendants neither filed a motion to dismiss nor challenged standing in their preliminary injunction brief. *See* ECF 23. Thus, "the amended complaint became the operative pleading by operation of law *before* any jurisdictional challenge was mounted." *ConnectU LLC*, 522 F.3d at 95 (emphasis in original).

Even if the relation back doctrine is applicable, Defendants have cited no relevant authority that the Amended Complaint should not relate back. Where "no new cause of action is alleged . . . [the Second Circuit] liberally grants relation back under Rule 15(c)." *Stevelman v. Alias Research, Inc.*, 174 F.3d 79, 87 (2d Cir. 1999). In fact, courts in the Second Circuit allow the addition of plaintiffs even after the statute of limitations has run. *See Perkins v. S. New Eng. Tel. Co.*, No. 3:07-cv-967 (JCH), 2009 U.S. Dist. LEXIS 103833, at *12-14 (D. Conn. Nov. 4, 2009); Fed. R. Civ. P. 15(c) Advisory Comm.'s Note to 1966 Amendment (relation back when changing plaintiffs "is generally easier" than when changing defendants). In the most factually analogous case that Plaintiffs have found, a court allowed the substitution of a new plaintiff after the statute of limitations had run and found it "unnecessary to determine whether [the original plaintiff] had standing," as the amended complaint "now controls," and the defendant was not prejudiced by an amendment as a matter of course when the factual allegations did not change. *Blue Marine Shipping SA de CV v. Gulmar Offshore Middle E., LLC*, No. 3:09cv555/MCR/MD, 2010 U.S. Dist. LEXIS 49287, at *22, *27 (N.D. Fla., April 26, 2010). For these reasons and as discussed previously, Defendants' standing arguments should be rejected. *See* ECF 68 at 3-11.

3

Respectfully submitted,

/s/ *Stephen R. Hernick*
Stephen R. Hernick (phv10846)
Friends of Animals, Wildlife Law Program
7500 E. Arapahoe Rd., Suite 385
Centennial, CO 80112
Tel: 720-749-7791
Fax: 888-236-3303
SHernick@friendsofanimals.org

Jessica Rubin (Bar No. ct13768)
Director of Legal Practice and Animal Law Clinic
University of Connecticut School of Law
55 Elizabeth Street
Hartford, CT 06105
Tel: (860) 570-5209
Fax: (860) 570-5366
Jessica.rubin@uconn.edu

*Attorneys for Plaintiff Friends of Animals*

/s/ *David A. Ball*
David A. Ball (Bar No. ct10154)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tel: (203) 337-4134
Fax: (203) 337-5534
dball@cohenandwolf.com

*Attorney for Plaintiff Last Chance for Animals*