**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| FRIENDS OF ANIMALS, et al., | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-1312-AWT |
| | ) | |
| WILBUR ROSS, et al., | ) | APRIL 21, 2021 |
| *Defendants*, | ) | |
| and | ) | |
| | ) | |
| SEA RESEARCH FOUNDATION, INC., | ) | |
| *Defendant-Intervenor* | ) | |
| | ) | |
| | ) | |

**FEDERAL DEFENDANTS' RESPONSE TO**
**PLAINTIFFS' SUPPLMENTAL REPLY**

Federal Defendants submit this brief in response to the supplemental summary judgment reply brief of Plaintiffs Friends of Animals and Last Chance for Animals (collectively, "Plaintiffs") regarding standing.  ECF No. 78  ("Pls. Supp. Br.").  In their summary judgment briefs, Federal Defendants argued that Last Chance for Animals failed to file suit challenging the Permit issued by the National Marine Fisheries Service ("NMFS") within 60 days as required by Section 104(d)(6) of the Marine Mammal Protection Act ("MMPA"), and thus Last Chance for Animals cannot independently maintain this suit if Friends of Animals lacks standing.  ECF No. 64-1 at 12-13; ECF No. 70 at 3; 16 U.S.C. § 1374(d).  In their supplemental reply brief, Plaintiffs assert that Last Chance for Animals can obtain judicial review of the Permit regardless of whether Friends of Animals has standing because Friends of Animals filed suit within 60 days. Pls. Supp. Br. at 1-2.  As an initial matter, the Court need not decide this issue if it finds that Friends of Animals has standing.  *Massachusetts v. EPA*, 549 U.S. 497, 518 (2007).  However, if the Court finds that Friends of Animals lacks standing (as Federal Defendants have argued), then it should find that Last Chance for Animals cannot maintain this lawsuit independently because it failed to challenge the Permit within 60 days.

Contrary to Plaintiffs' argument, nothing in the statute of limitations here suggests that where a party lacking standing files a complaint within 60 days, then any other party opposed to the permit may seek judicial review at a later date (potentially years later).  The MMPA states:

> Any applicant for a permit, or any party opposed to such permit, may obtain judicial review of the terms and conditions of any permit issued by the Secretary under this section or of his refusal to issue such a permit. Such review, which shall be pursuant to chapter 7 of Title 5, may be initiated by filing a petition for review in the United States district court for the district wherein the applicant for a permit resides, or has his principal place of business, or in the United States District Court for the District of Columbia, within sixty days after the date on which such permit is issued or denied.

1

16 U.S.C. § 1374(d)(6).  Thus, "any party opposed to [a] permit" may obtain judicial review, but "[s]uch review" is initiated by filing a petition for review, *i.e.*, a complaint, within 60 days of permit issuance.  *Id*.  Even assuming that joining an amended complaint as a new plaintiff is equivalent to filing a petition for review, Last Chance for Animals did not join the amended complaint until January 27, 2021, more than 60 days after Permit issuance on August 27, 2020.  In addition, if Friends of Animals lacks standing, then no valid petition for review was filed within 60 days as required for judicial review to proceed under the statute.

Plaintiffs' arguments on this issue do not overcome the clear language of the statute.  Plaintiffs first point out that Federal Defendants did not object to the intervention of Sea Research Foundation, a.k.a. Mystic Aquarium ("Mystic").  Pls. Supp. Br. at 1.  This is irrelevant because the MMPA does not set any time limit for intervention by a permit applicant in a lawsuit challenging that permit.  However, the MMPA does require that parties opposed to the permit seek judicial review within 60 days of permit issuance.  16 U.S.C. § 1374(d)(6).  Plaintiffs mainly argue that the amended complaint adding Last Chance for Animals "relate[s] back" to the date of the original complaint under Fed. R. Civ. P. 15(c).  *Id*. at 1-3.  But none of the cases cited by Plaintiffs for this proposition address the situation here where the MMPA or another federal statute requires a party suing the United States to bring its challenge to the government's action within a specified, relatively short period of time.  *Id*. at 2-3.[1]  Such waivers of the federal

---

[1] *ConnectU LLC v. Zuckerberg,* 522 F.3d 82 (1st Cir. 2008) does not involve any statute of limitations applicable to a challenge to federal agency action, but rather a change in an amended complaint from an assertion of diversity jurisdiction to federal question jurisdiction in a case involving state law claims between private competitors.  *See id. Blue Marine Shipping SA de CV v. Gulmar Offshore Middle East, LLC*, No. 3:09cv555/MCR/MD, 2010 WL 1687737 (N.D. Fla. Apr. 26, 2010) similarly involves a suit between private parties for breach of a charter party agreement.  *See id.* at *1.  Plaintiffs also cite *Perkins v. Southern New England Telephone Co.*, No. Civ. A. No. 3:07-cv-967JC, 2009 WL 3754097, at *1 (D. Conn. Nov. 4, 2009), which involved a class action against a private employer.  *See id.*  Plaintiffs also cite *American Charities for Reasonable Fundraising, Inc. v. Shiffrin*, 46 F. Supp. 2d 143, 154 (D. Conn. 1999) for the proposition that where a plaintiff amends a complaint as-of-right, the court need not examine its jurisdiction over the original complaint.  Federal Defendants do not challenge the amendment of Plaintiffs' complaint per se but rather that Last Chance for Animals brought its challenge to the Permit more than 60 days after its issuance.

government's sovereign immunity are to be strictly construed, which is inconsistent with allowing "relation back" to a complaint filed earlier by another party that lacks standing. *See*, *e.g.*, *Lane v. Pena*, 518 U.S. 187, 192, (1996) (citing, *inter alia*, *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) ("[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied"). In addition, and contrary to Plaintiffs' arguments, "relation back" to an earlier complaint is not permissible where the court lacks jurisdiction over the original complaint, as would be the case here if Friends of Animals lacks standing. *See*, *e.g.*, *Austin v. Trandell*, 207 F. Supp. 2d 616, 625 (E.D. Mich. 2002) (citation omitted) (rejecting addition of new plaintiffs as inconsistent with the applicable statute, and finding that "[t]he [Rule 15] relation back doctrine only operates to give a plaintiff the benefit of an earlier filing date if the court in which the matter was first filed had jurisdiction over the matter at that earlier date. Put another way, the Rule and its relation back doctrine cannot confer jurisdiction where none existed before."). If Plaintiffs were correct, additional parties could challenge permits issued under the MMPA years after the 60-day statute of limitations, notwithstanding that the originally filed suit was defective in a way that deprived the court of jurisdiction.[2]

Nor are Plaintiffs correct that "the sixty-day provision does not apply to [National Environmental Policy Act ("NEPA")] claims." Pls. Supp. Br. at 1. Federal Defendants are aware of only one case that found a plaintiff could bring a NEPA claim more than 60 days after permit issuance, which is *Jones v. Gordon*, 792 F.2d 821, 823-24 (9th Cir. 1986). That case is

---

[2] Plaintiffs argue that Federal Defendants did not raise the 60-day statute of limitations in their answer to the amended complaint. Pls. Supp. Br. at 1. However, Federal Defendants did raise standing as an affirmative defense, and here this issue is intertwined with standing. ECF No. 60 at 26. In addition, the statute of limitation in 16 U.S.C. § 1374(d) is either jurisdictional (and thus can be raised at any time) or no prejudice would occur to Plaintiffs by allowing amendment of the answer to the amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." *See Barbarelli v. Verizon Commc'ns Inc.*, No. 05 Civ. 6759(RJH)(DFE), 2008 WL 80725, at *1 (S.D.N.Y. Jan. 7, 2008) (allowing amended answer). If desired by the Court, Federal Defendants will file a motion for leave to amend the answer.

distinguishable, not binding on this Court, and not persuasive authority in any event.  In *Jones v. Gordon*, the court found that the plaintiff did not challenge the "substantive elements" of an MMPA permit, but rather advanced a "procedural claim" under NEPA that NMFS failed to prepare an environmental impact statement ("EIS") for the permit.  *Id*. at 824.  In fact, NMFS had not prepared *any* NEPA document for the permit in that case, and the court left open the possibility that NMFS could prepare an environmental assessment ("EA") rather than an EIS and comply with NEPA.  *Id*. at 828-29.  Here, by contrast, NMFS prepared an EA for the challenged Permit, and Plaintiffs effectively challenge the substance of the Permit through their NEPA claims.  For example, Plaintiffs brought essentially the same challenge to the merits of NMFS' assessment of the potential impacts of the Permit on wild stocks of belugas under both the MMPA and NEPA.  ECF No. 68 at 22, 34 (MMPA section of reply brief on this issue merely cross-referencing to argument in NEPA section); *see also* ECF No. 61-1 at 24-26, 37 (NEPA section of opening brief cross-referencing to same argument in MMPA section).  Indeed, Plaintiffs advanced their principal NEPA claim – that NMFS purportedly did not consider the impacts of the transfer of the belugas on existing social bonds – under the guise of NEPA rather than (as it should have been brought) as a claim challenging the humaneness of the permitted activity under the MMPA regulations at 50 C.F.R. § 216.34(a)(1).  ECF No. 61-1 at 33-36; ECF No. 68 at 31-33.  As Plaintiffs' own claims in this case show, allowing parties opposed to a permit to bring "NEPA" claims that challenge the substance of an MMPA permit more than 60 days after issuance of the permit would entirely defeat the purpose of the short statute of limitations created by Congress for challenging a permit issued under MMPA Section 104.  It would also be inconsistent with a narrow reading of the United States' waiver of sovereign immunity in that provision.

Furthermore, courts have found that such "artful pleading" cannot evade a carefully circumscribed remedial scheme like that created by Congress in the MMPA. *See*, *e.g.*, *Block v. North Dakota*, 461 U.S. 273, 285, (1983) ("It would require the suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading.") (quoting *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976)).  This case is quite similar to *Blue Water Fishermen's Association v. NMFS*, 158 F. Supp. 2d 118 (D. Mass. 2001), in which plaintiffs sought to enjoin regulations that closed certain areas to longline fishing and claimed that the biological opinion, upon which the regulations were based, violated Section 7 of the Endangered Species Act ("ESA").  The court determined that the ESA claim was clearly an attempt to "evade the jurisdictional limitation imposed" by the Magnuson–Stevens Fishery Conservation and Management Act ("Magnuson–Stevens Act") requiring the filing of suit within 30 days of promulgation of the regulations and that "couching the action in different statutory language is not a hook which can remove the prohibitions of the Magnuson–Stevens Act."  *Id*. at 121-22 (internal citations and quotation marks omitted).  *See also Sea Hawk Seafoods, Inc. v. Locke*, 568 F.3d 757, 766 (9th Cir. 2009) (regardless of how a litigant may characterize its claims, the court must determine whether "the essence of the[] complaint" brings it within the scope of the limitations provision); *City of Tombstone v. United States*, No. CV 11-845-TUC-FRZ, 2012 WL 12842257, at *3 (D. Ariz. May 14, 2012) (rejecting claims pursuant to the Administrative Procedure Act and the Tenth Amendment of the U.S. Constitution as a means to get around the limitations created by Congress in the Quiet Title Act), *aff'd*, 501 F. App'x 681 (9th Cir. 2012).  Here, as in these other cases, the essence of Plaintiffs' challenge is under the MMPA, as the NEPA process was undertaken only in connection with NMFS's decision whether

to grant the MMPA permit.  Accordingly, the Court should reject Plaintiffs' argument that their

NEPA claims are not subject to the 60-day limitations period for challenging an MMPA permit. [3]

     For the foregoing reasons, the Court should find that if Plaintiff Friends of Animals lacks

standing, this lawsuit is barred by the 60-day limitations period in 16 U.S.C. § 1374(d)(6).

     Respectfully submitted,

           LEONARD C BOYLE
           Acting United States Attorney

           By: */s/ Natalie N. Elicker*
           Natalie N. Elicker, ct28458
           Assistant United States Attorney
           United States Attorney's Office – District
           of Connecticut
           157 Church Street, 25th Floor
           New Haven, CT 06510
           Telephone: (203) 821-3700
           Fax: (203) 773-5373
           Email: Natalie.Elicker@usdoj.gov

           JEAN E. WILLIAMS, Acting Assistant Attorney General
           SETH M. BARSKY, Section Chief
           MEREDITH L. FLAX, Assistant Section Chief

           */s/ Clifford E. Stevens, Jr.*
           CLIFFORD E. STEVENS, JR.
           Senior Trial Attorney, D.C. Bar Number 463906
           U.S. Department of Justice
           Environment & Natural Resources Division
           Wildlife & Marine Resources Section
           Ben Franklin Station
           P.O. Box 7611
           Washington, DC 20044-7611
           Telephone: (202) 353-0368
           Fax: (202) 305-0275

---

[3] During the summary judgment hearing, Plaintiffs seemed to argue that the 60-day statute of limitations in 16 U.S.C. § 1374(d)(6) only applies to challenges to specific "terms and conditions" of the permit, not to a challenge like theirs to the issuance of the permit itself.  First of all, Plaintiffs do challenge the "terms" of the permit, *i.e.*, that NMFS has permitted Mystic to import certain beluga whales for purposes of scientific research, and thus their suit falls within the scope of 16 U.S.C. § 1374(d)(6).  Second, Plaintiffs' reading (which they do not appear to repeat in their supplemental reply brief) cannot be what Congress intended and makes no sense, as it would entirely gut the 60-day statute of limitations given that virtually any party opposed to a permit would challenge the issuance of the permit.

Email: clifford.stevens@usdoj.gov

*Attorneys for Federal Defendants*