# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRIENDS OF ANIMALS, a non-profit corporation; <br><br> and <br><br> LAST CHANCE FOR ANIMALS, a non-profit corporation; <br><br> *Plaintiffs*, <br><br> v. <br><br> GINA RAIMONDO, in her official capacity as acting Secretary of Commerce; <br><br> and <br><br> NATIONAL MARINE FISHERIES SERVICE, an agency within the United States Department of Commerce; <br><br> *Defendants*, <br><br> and <br><br> SEA RESEARCH FOUNDATION, INC. <br><br> *Defendant-Intervenor* | No. 3:20-cv-01312-AWT <br><br><br><br><br><br> **MYTIC'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL REPLY REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br><br><br> April 21, 2021 |

James H. Lister (DC 447878) and
Nicole M. Bayne (CA 328392)
Birch Horton Bittner & Cherot, P.C.
1100 Connecticut Ave., NW,
Suite 825
Washington, D.C. 20036
(202) 659-5800
jlister@dc.bhb.com
nbayne@dc.bhb.com

Jeffrey M. Sklarz (ct20938) and
Lawrence S. Grossman (ct15790)
Green & Sklarz, LLC
One Audubon Street, Third Floor
New Haven, CT 06511
(203) 285-8545
Fax: (203) 823-4546
lgrossman@gs-lawfirm.com

As authorized by this Court on April 15, 2021, Sea Research Foundation, Inc. d/b/a Mystic Aquarium ("Mystic") respectfully responds to Plaintiffs' Supplemental Reply (ECF 78) regarding the statute-of-limitations and standing aspects of the summary judgment motions (ECF 61, 62 and 64). As Mystic demonstrated in its earlier briefing, if original Plaintiff Friends of Animals ("FOA") lacked standing when it filed the original Complaint, then the Court did not acquire subject matter jurisdiction at that time, and there is nothing to which the Amended Complaint adding new Plaintiff Last Chance for Animals ("LCA") could relate back to under Fed.R.Civ.P. 15(c) for purposes of satisfying the statute-of-limitations. Mystic Reply at 1-2 (ECF 71) (citing *Wellness Pub. v. Barefoot*, 2008 WL 108889, *10 (D.N.J. 2008) and *Kreider Dairy Farms, Inc. v. Glickman*, 190 F.3d 113, 121 (3d Cir. 1999)). That 60-day limitation period expired before the filing of the Amended Complaint (ECF 54). 16 U.S.C. § 1374(d)(6).

In their Supplemental Reply, Plaintiffs refer to a line of cases that, under certain circumstances, allows a plaintiff to cure a lack of subject matter jurisdiction in the original complaint, by filing an amended complaint (as opposed to dismissing without prejudice and refiling a new lawsuit). However, none of these cases permit a plaintiff to cure a jurisdictionally defective original complaint after the expiration of the time allowed for commencement of the action. *See* Pl. Sup. Reply Br. at 2-3. Specifically, Plaintiffs rely on a case that allowed plaintiffs to cure a lack of subject matter jurisdiction in an original complaint premised solely on diversity of citizenship, by adding a federal claim to establish federal question jurisdiction, *ConnectU, LLC v. Zuckerberg*, 522 F.3d 82, 96 (1st Cir. 2008), and a case that allowed an amendment to add a claim in circumstances where it was unclear if the original complaint established subject matter jurisdiction, *American Charities for Reasonable Fund Raising Regulation, Inc. v. Shiffrin*, 46 F.Supp.2d 142, 154 (D.Conn. 1999) ("Shiffrin").

The amended complaints in those cases were not challenged on the basis of the statute-of-limitations, so relation back under Fed.R.Civ.P. 15(c) was not needed. Indeed, the First Circuit, in *ConnectU, LLC*, specifically found the relation back doctrine to be inapplicable, and noted the relation back doctrine concerns evaluating statute-of-limitation issues (issues not presented by the amended complaint in that case). 522 F.3d at 86 (amended complaint filed shortly after original complaint) and 94. Instead that court, in allowing the filing of an amended complaint to cure a lack of jurisdiction, reaffirmed that Rule 15(a) provides an interval in which the complaint can be amended as of right without leave to amend, shortcutting the normal discretionary test regarding whether to grant leave to amend, *id*., 522 F.3d at 95; *see also*, *Shiffrin*, 46 F.Supp.2d at 154. Plaintiffs have cited no case in which an amended complaint was deemed filed as of the date of the original complaint (for statute-of-limitations purposes), when the earlier complaint did not establish the court's subject matter jurisdiction.[1] Indeed, one case Plaintiffs rely on (*Shiffrin*) cites a Second Circuit case that holds that the addition of a new plaintiff by amendment cannot "retroactively" confer jurisdiction. *Pressman Unions-Printer League Income Sec. Fund v. Continental Assur. Co*., 700 F.2d 889, 893 (2nd Cir. 1983).

Plaintiffs assert that Mystic cited only a single district court case (*Wellness Pub*.) in its reply. However, other cases, including a Third Circuit case (*Kreider Dairy Farms, Inc.*) that Mystic also cited in it is reply, uniformly conclude that relation back under Fed.R.Civ.P. 15(c) is unavailable when the original complaint failed to establish jurisdiction. *Kreider Dairy Farms, Inc*. 190 F.3d at 121 ("Because the District Court lacked jurisdiction to entertain any appeal by Kreider [of the defendant agency decision] on February 2, 1988, the date Kreider filed its first

---

[1] By the same token, where the original complaint <u>does</u> establish federal subject matter jurisdiction, and the various other requirements for relation back under Rule 15(c) are met, there are occasions where the filing of an amended complaint does relate back in time to the filing of the original complaint. *See* Pltf.Supp.Reply at 3 (citing *Perkins v. Southern New England Tel. Co.,* 2009 WL 3754097, **2-3 (D.Conn. 2009)).

complaint, the District Court erred in exercising jurisdiction under the theory that Kreider's April 3, 1988 amended complaint related back to Kreider's February, 2, 1988 complaint ...."); *Salazar v. U.S. Postal Service*, 929 F.Supp 966, 970 (E.D. V.A. 1996) ("It is axiomatic that the Rule's relation back doctrine only operates to give a plaintiff the benefit of an earlier filing date if the court in which the matter was first filed had jurisdiction over the matter at that earlier date"); *Austin v. Trandell*, 207 F.Supp.2d 616, 624-25 (E.D.Mich. 2002); *Maliandi v. Montclair State University*, 2017 WL 3023205, *3 (D.N.J. 2017). By contrast, Plaintiffs rely on one minimally relevant pre-judgment attachment case not involving a statute-of-limitation.[2]

NMFS's in its response (ECF 78 at 3-4) addresses whether the limitation period for challenging permit decisions (which references the Administrative Procedure Act) applies to NEPA claims brought through the APA, or just to MMPA claims brought through the APA.[3]

Original Plaintiff FOA lacks standing, and new Plaintiff LCA failed to satisfy the statute-of-limitation (because the initial complaint was not amended to include LCA as a party plaintiff until after the 60-day period for the filing of this action had expired) and/or lacks standing. Thus, the Court must dismiss the lawsuit.[4]

---

[2] See *Blue Marine Shipping SA de CV v. Gulmar Offshore Middle E, LLC*, 2010 WL 1687737. ** 5-6 (N.D. Fla. 2010). There, one company (Ocean Mexicana) among an affiliated group of companies, filed an original complaint and obtained a pre-judgment attachment of a ship. It then determined that another affiliate group member (Blue Marine Shipping) had actually signed the contract. The court allowed the substitution of the proper party by amended complaint. In declining to vacate the attachment, the court noted that, to the extent relation back under Rule 15(c) was needed, it could be used to continue the earlier pre-judgment attachment. *Id*., *5. It was not at all apparent that relation back in time was even needed – the court could have just as easily replaced the earlier attachment with a new attachment. In short, this was not a case in which a court found that an original complaint failed to establish federal subject matter jurisdiction, yet still allowed an amended complaint to relate back in time, in order to satisfy a jurisdictional statute-of-limitation.

[3] Mystic did not concede this limitation period only applies to MMPA claims, as Plaintiffs assert. Mystic properly cited non-binding, out-of-circuit authority, so that the Court was aware of this issue. ECF 71 at 2 ("some authority exists" to apply the limitation period only to MMPA claims, citing *Gordon v. Jones*, 792 F.2d 821, 824 (9th Cir. 1986)). As Mystic explained at oral argument, both NEPA and MMPA claims must be brought through the APA judicial review provisions, so the limitation period for permit challenges (which directs that claims be brought under the APA within 60 days) should apply to all types of APA claims. 16 U.S.C. § 1374(d)(6).

[4] Defendants (NMFS and Mystic) in their Answers both noted lack of standing as an affirmative defense (ECF 59 at 27 and 60 at 26). The statute-of-limitations issue arises solely in the context of whether the purported (and

| | |
|---|---|
| Dated April 21, 2021 | Respectfully submitted,<br><br>DEFENDANT-INTERVENOR<br>THE SEA RESEARCH FOUNDATION, INC.<br>d/b/a MYSTIC AQUARIUM |
| By: | |
| /s/ James H. Lister<br>James H. Lister (DC 447878) and<br>Nicole M. Bayne (CA 328392)<br>Birch Horton Bittner & Cherot, P.C.<br>1100 Connecticut Ave., NW,<br>Suite 825<br>Washington, D.C. 20036<br>(202) 659-5800<br>jlister@dc.bhb.com<br>nbayne@dc.bhb.com | /s/ Lawrence S. Grossman_____<br>Jeffrey M. Sklarz (ct20938) and<br>Lawrence S. Grossman (ct15790)<br>Green & Sklarz, LLC<br>One Audubon Street, Third Floor<br>New Haven, CT 06511<br>(203) 285-8545<br>Fax: (203) 823-4546<br>lgrossman@gs-lawfirm.com |

---

disputed) standing of later-added plaintiff LCA can cure the lack of standing of original plaintiff FOA. Plaintiffs' suggestion that the Answers must be amended to specifically add statute-of-limitations as a distinct additional separate affirmative defense is misplaced in that context. In any event, the 60-day filing limitation in the MMPA (16 U.S.C. § 1374(d)(6)) is jurisdictional, and so need not be stated as an affirmative defense. *See State of New York v. U.S.*, 568 F.2d 887, 892 (2nd Cir. 1977 (treating as jurisdictional the nearly identical 60-day limitation period for seeking judicial review of orders of various federal regulatory agencies, 28 U.S.C. § 2344); *Matson Navigation Co., Inc. v. U.S. Dept. of Transp.*, 895 F.3d 799, 803 (D.C. Cir. 2018) (this remains the law today). *See* NMFS's Response filed today for a discussion of how provisions such as § 1374(d)(6) that confer a limited right of judicial review are construed narrowly as conditional waivers of the Government's sovereign immunity. ECF 78 at 3-4. Like NMFS (ECF 78 at 3, n. 2), Mystic will file a motion for leave to amend its Answer to plead limitations as a separate affirmative defense, if the Court deems that necessary. *See* NMFS Response at 3, n. 2 (ECF 78).

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


Date:  April 21, 2021                                          /s/ Lawrence S. Grossman___
                                                                           Lawrence S. Grossman