THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELEPHANT JUSTICE PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>WOODLAND PARK ZOOLOGICAL SOCIETY, INC. and OKLAHOMA CITY ZOOLOGICAL TRUST,<br><br>Defendants. | CASE NO. C15-0451-JCC<br><br>ORDER DISMISSING CASE AS MOOT |

This matter comes before the Court on Defendants' motion to dismiss case as moot (Dkt. No. 57). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.     BACKGROUND

On March 24, 2015, Plaintiff Elephant Justice Project ("EJP") sought a preliminary injunction prohibiting Defendants from transporting two Asian elephants, Chai and Bamboo, outside of Seattle. (Dkt. No. 4.) The Court denied the motion on April 7, finding that EJP failed to show that the planned transport was likely to result in irreparable injury. (Dkt. No. 28 at 10.) EJP appealed the denial on April 8. (Dkt. No. 31.) The Ninth Circuit denied EJP's request for an emergency stay pending the outcome of the appeal. (Dkt. No. 35.) On May 11, Chai and Bamboo

completed their trip to the Oklahoma City Zoo. (Dkt. No. 57 at 3.) On August 11, the Ninth Circuit granted Defendants' motion to dismiss EJP's appeal as moot. (Dkt. No. 55.)

Defendants now move to dismiss the present case. (Dkt. No. 57.) They argue that EJP's claims for injunctive relief are moot because the transfer of Chai and Bamboo is complete. (Dkt. No. 57 at 4.) EJP responds that its complaint asserts several live violations of the ESA. (Dkt. No. 58 at 2.) It further asserts that its claim is justiciable because it is capable of repetition, yet evading review. (Dkt. No. 58 at 2.)

## II. DISCUSSION

### A. Mootness

Generally, a case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). "Where the activities sought to be enjoined have already occurred, and the [court] cannot undo what has already been done, the action is moot." *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978).

Courts recognize an exception to the mootness rule when the harm is "capable of repetition, yet evading review." *Murphy*, 455 U.S. at 482. This exception has two elements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* (internal quotations omitted).

### B. Analysis

EJP's complaint alleged two causes of action: "take at Woodland Park Zoo" and "violations associated with imminent transport." (Dkt. No. 1 at 20-21.) Chai and Bamboo are no longer at Woodland Park Zoo; the transfer to Oklahoma City Zoo occurred over six months ago.

Despite this, EJP asserts that its complaint alleges live violations of the ESA. (Dkt. No. 58 at 10.) As support, EJP cites to the following paragraphs:

32. Section 9 of the ESA makes it unlawful for any person to "possess, sell,

Case 2:15-cv-00451-JCC Document 67 Filed 10/04/21 Page 3 of 4

>   deliver, carry, transport, or ship, by any means whatsoever, any such species" taken in violation of that section's take prohibition. 16 U.S.C. § 1538(a)(1)(b), (d).
>
>   109.   If Chai is moved to OKZ, the young endangered elephants at OKZ will be at risk of contracting herpes virus.
>
>   115.   [Regarding the second cause of action, violations associated with imminent transport,] Plaintiff realleges and incorporates by reference each and every allegation set forth above.

(*See* Dkt. No. 58 at 10.) EJP argues that this was sufficient to state a claim and that its failure to identify live violations under a "cause of action" heading is merely semantic. (*See* Dkt. No. 58 at 10 n.1.) But, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). EJP cannot establish the existence of a claim by cherry picking paragraphs from its complaint, which is otherwise aimed at preventing the elephants' transfer.

EJP also argues that its "violations associated with transport" claim is capable of repetition, yet evading review. (Dkt. No. 58 at 20.) But, EJP itself calls the transfer "the final move of Chai's and Bamboo's lives." (Dkt. No. 1 at 1.) And, the transfer did not evade review—EJP moved for a preliminary injunction, which, if granted, would have prevented the transfer until the case was resolved. To the extent that EJP alleges potential harm involving other elephants, those issues are not presently before this Court.

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 57) is GRANTED.

//
//
//
//
//
//

DATED this 24 day of November 2015.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE