## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRIENDS OF ANIMALS, a non-profit corporation;<br><br>and<br><br>LAST CHANCE FOR ANIMALS, a non-profit corporation;<br><br> *Plaintiffs*,<br><br>v.<br><br>WYNN COGGINS, in her official capacity as acting Secretary of Commerce;<br><br>and<br><br>NATIONAL MARINE FISHERIES SERVICE, an agency within the United States Department of Commerce;<br><br> *Defendants*,<br><br>and<br><br>SEA RESEARCH FOUNDATION, INC.<br><br> *Defendant-Intervenor* | No. 3:20-cv-01312-AWT<br><br><br><br>**MYSTIC'S RESPONSE TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL**<br><br><br><br>June 21, 2021 |

James H. Lister (DC 447878) and
Birch Horton Bittner & Cherot, P.C.
1100 Connecticut Ave., NW,
Suite 825
Washington, D.C. 20036
(202) 659-5800
jlister@dc.bhb.com

Jeffrey M. Sklarz (ct20938) and
Lawrence S. Grossman (ct15790)
Green & Sklarz, LLC
One Audubon Street, Third Floor
New Haven, CT 06511
(203) 285-8545
Fax: (203) 823-4546
lgrossman@gs-lawfirm.com

Defendant-Intervenor Sea Research Foundation, Inc. d/b/a Mystic Aquarium ("Mystic") does not oppose an <u>unqualified</u> dismissal of this case with prejudice.   However, Mystic does oppose Plaintiffs' Motion to Voluntarily Dismiss (ECF 82), which wrongfully seeks an order that would dismiss, as "moot," claims that are not moot.   Plaintiffs' challenged permit terms governing care, research, and incidental public display at Mystic and those permit provisions became active (not moot), and remain active, since the belugas arrived at Mystic on May 11 and 12, 2021.  Because a dismissal for mootness is inherently a dismissal without prejudice, any dismissal "with prejudice" based on "mootness" is inherently contradictory.  At this stage in the case, where the Court has already announced it will grant defendants' motions for summary judgment (ECF 77), any voluntary dismissal should be a straight, unqualified dismissal with prejudice that frees Mystic from the risk of litigation, and should not be qualified and undermined by an inaccurate declaration that the case is moot.

### Argument

In further support of this response, Mystic states as follows:

1.      Following a dismissal with prejudice, a defendant is entitled to be "freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial …." *Colombrito v. Kelly*, 764 F.2d 122, 134 (2nd Cir. 1985).  Plaintiffs should be allowed to voluntarily dismiss non-moot claims under Fed.R.Civ.P. 41(b), but only through an unqualified dismissal with prejudice.  It is black letter law that "a party should not be permitted to avoid the prospect of an adverse decision on a dispositive motion by dismissing a claim without prejudice."  *Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F.Supp.2d 569, 572 (S.D.N.Y 2004).

1

2.     By the same token, a plaintiff should not be permitted to minimize the impact of a looming adverse decision on a dispositive motion by qualifying, and thus undermining, a purported voluntary dismissal with prejudice through inserting a provision inaccurately declaring non-moot claims to be moot.  As Plaintiffs correctly acknowledge by moving to dismiss, with prejudice, the parties are too far into this litigation for dismissal without prejudice to be appropriate. *See* ECF 77 (Court denies Plaintiffs' preliminary injunction motion because "after reviewing the parties' submissions and hearing argument on the cross-motions for summary judgment, the court has concluded that the defendants are entitled to summary judgment on the merits.").  Mystic at this stage is entitled to be "freed of the risk of relitigation." *Colombrito,* 764 F.2d at 134.[1]

3.     However, Plaintiffs' are trying to undermine the preclusive effect of a dismissal with prejudice by seeking an order that inaccurately declares that the entire case is "moot."  ECF 82-1 at 12 ("Plaintiffs respectfully request that this Court dismiss this case with prejudice because it is moot").  As Plaintiffs explain in their memorandum in support of their motion, mootness signifies lack of federal subject matter jurisdiction to enter a judgment on the merits; thus, dismissal of a case as moot is inherently without prejudice.   ECF 82-1 at 1 (Plaintiffs state: "this case is now moot, and this Court lacks jurisdiction over it.  Mootness alone requires dismissal."); *U.S. v. Muningswear, Inc.*, 340 U.S. 36, 39-40 (1950) (practice is to dismiss a moot lawsuit and vacate any judgments already entered in it, so that there is no res judicate effect, meaning a dismissal for mootness is without prejudice – cited by Plaintiffs); *Steel Co. v. Citizens*

---

[1]     Voluntary dismissal can be granted "only by court order, on terms that the court considers proper."  Fed.R.Civ.P. 41(a)(2).  Those terms must protect from prejudice a defendant who has been put to the risk and expense of litigation.  *See Zagano v. Fordham University*, 900 F.2d 12, 14 (2nd Cir. 1990).  Here, thet Court announced, after two days of oral argument on cross-motions for summary judgment, that defendants would prevail.  See ECF 77

*for a Better Environment*,  523 U.S. 83, 94 (1996) (federal court has no power to decide case without subject matter jurisdiction).  Thus, any dismissal of a case "as moot with prejudice" is a contradiction in terms, somewhat like dismissing "with and without prejudice."  Dismissal of this case on such contradictory terms would position Plaintiffs to later contend the dismissal was ***not*** an adjudication on the merits, i.e., "with prejudice," , and that it would not constitute a bar to a subsequent lawsuit by Plaintiffs in which they assert the same claims, i.e., claims related to permit terms governing care, research, and incidental public display.

4.      It is for the judge presiding over any *subsequent* case brought by Plaintiffs to resolve any debate reflected in the pre-motion correspondence (ECF 82-2 to 82-4) regarding whether a future lawsuit by Plaintiffs challenging the grant of a renewal permit on similar terms would be subject to a preclusive judgment entered in this case. While that debate is for the next case, the Court should decline to indulge Plaintiffs' request to undermine the preclusive effect of a dismissal with prejudice of the present case (whatever that effect might be) by inaccurately declaring that this case is "moot."

5.      The case is not moot and so cannot be dismissed as "moot."   In their summary judgment briefing (ECF 61-1 and 68) and Amended Complaint (ECF 54), Plaintiffs did not just challenge the Permit terms authorizing import from Canada and transport to Mystic.  Plaintiffs also asserted challenges to provisions and findings in the Permit (and the ancillary approval of Mystic's breeding prevention plan) regarding care of the belugas, scientific research utilizing the belugas, and incidental public display of the belugas – all activities that occur at Mystic:

| Issue | Plaintiffs' Argument | Additional Citations |
|---|---|---|
| May the belugas be lawfully displayed to the public at Mystic, incidental to scientific research? | "The Permit violates the MMPA because it allows for public display that would not be incidental to the research." Pl.op.sj.br. at 17.  Public display is "incidental" only if it is "accidental," so | Plaintiffs' opening summary judgment brief (ECF 61-1, "Pl.op.sj.br.") at 17-20 and response summary judgment brief |

| | | |
|---|---|---|
| | planned display is not incidental. *Id.* at 18. | (ECF 68, 'Pl.resp.sj.br.") at 13-15.  Amnd. Cmplt. ¶¶ 133, 153, Prayer 1(1). |
| Is the standard for conducting research activities with depleted marine mammals met, including that it is necessary to utilize depleted belugas to conduct the research? 50 C.F.R. 216.41(b)(5). Is the research well-designed or flawed? | "NMFS acted arbitrarily and capriciously by finding that the proposed research could not be accomplished using a species or stock not designated a depleted." Amnd. Cmplt. ¶ 153;  "Moreover, the research is flawed, will not teach researchers anything about the SNA Depleted Stock …." Amnd. Cmplt. ¶ 128.  "As part of the research, Mystic will use a novel telemetry device that it admits has unknown impacts." *Id.* ¶ 132 | Plaintiffs' Pl.op.sj.br at 21-24 and Pl.resp.sj.br. at 18-20.  Amnd. Cmplt. ¶¶ 128, 130-132, 156, Prayer 1(4). |
| Is the Mystic breeding prevention plan approved by NMFS effective? | NMFS should have required Mystic to separate the belugas by gender when ultrasound shows a female's follicles have reached 1.0 cm in diameter, not 1.8 cm.  *See* Pl.resp.sj.br. at 18. | Pl.resp.sj.br. at 18; *see also*, Pl. Statement of Additional  Material Facts at ¶ 7 (ECF 68-2). |

Mystic responded to each of these arguments.[2]  Six weeks after the Court denied Plaintiffs' motion for preliminary injunction with an immediately appealable order (ECF 77) that Plaintiffs chose not to appeal, 28 U.S.C. § 1292(a)(1), Mystic completed the import and transport on May 11-12, 2021.  At this point, the Permit terms for care, research, and display at Mystic remain active, not moot, and the challenged care, research, and display activities are occurring at Mystic.

6.     Mystic accepts as sincere Plaintiffs' statement that Plaintiffs will not seek any orders requiring that Mystic send the belugas back to Canada, and thus an order enjoining import and transport is no longer an available form of relief.  ECF 82-1 at 5.  However, the claims asserted by Plaintiffs regarding care for, research with, and display of the belugas after they are at Mystic remain live and are not moot.  If the Court agreed with Plaintiffs' claims (evidently it

---

[2]     *See* Mystic opening summary judgment brief (ECF 62-4) at 18-20 (research), 21-27 (incidental public display); Mystic reply summary judgment brief (ECF 71) at 4-5 and n. 5 (research), 6-8 (incidental public display), and 3-4 (follicle size for gender separation).

does not, see ECF 77), the Court could grant meaningful relief to Plaintiffs on these claims, e.g.
by requiring that Mystic separate the belugas by gender when follicles reach a diameter of 1.0
cm, rather the 1.8 cm threshold specified in the approved breeding prevention plan, by vacating
the portion of the permit authorizing scientific research[3] on belugas that NMFS considers to be
"depleted" (leaving Mystic to care for the belugas without conducting research, or conducting
some diminished level of research), or by vacating the portion of the Permit authorizing
incidental public display. These forms of relief might not be the relief Plaintiffs most desired, but
they are still available forms of relief.  It was the lack of merit in Plaintiffs' claims, not
mootness, that barred Plaintiffs from obtaining such relief.  "A case becomes moot only when it
is impossible for a court to grant *any effectual relief whatsoever* to the complaining party."
*Knox v. Service Employees Intern. Union, Local 1000*, 567 U.S. 298, 307 (2012) (internal
quotation omitted, emphasis added).  "The district court had the power to effect *some* relief, and
thus the case was not moot in the Article III sense."   *In re Cathedral of Incarnation in Diocese
of Long Island*, 90 F.3d 28, 36, n. 7 (2nd Cir. 1996) (emphasis added).

## CONCLUSION

A straight dismissal with prejudice is appropriate, because Mystic bore the risk and
expense of litigation, and the Court announced how it would rule on the cross-motions for
summary judgment, before Plaintiffs sought voluntary dismissal.  The dismissal with prejudice
must not be qualified and undermined by an inaccurate statement the case is moot.

---

[3]   The scientific research permit authorized both "import" and "take" in the course of
experiments at Mystic, *See* AR000004, AR000020-23; 16 U.S.C. § 1374(a).  Plaintiffs did not
confine their challenges to research to the import that precedes research.  *E.g*., Amnd. Cmplt. ¶
132 (criticizing research equipment), ¶¶ 128-130 (blending claims about alleged harms from the
research at Mystic with claims regarding alleged harms from transport before the research starts).
.

Dated June 21, 2021

DEFENDANT-INTERVENOR
THE SEA RESEARCH FOUNDATION, INC.
d/b/a MYSTIC AQUARIUM

By:

*/s/ James H. Lister*                              _/s/ *Lawrence S. Grossman*_____
James H. Lister (DC 447878) and        Jeffrey M. Sklarz (ct20938) and
Birch Horton Bittner & Cherot, P.C.     Lawrence S. Grossman (ct15790)
1100 Connecticut Ave., NW,               Green & Sklarz, LLC
Suite 825                                          One Audubon Street, Third Floor
Washington, D.C. 20036                      New Haven, CT 06511
(202) 659-5800                                   (203) 285-8545
jlister@dc.bhb.com                             Fax: (203) 823-4546
                                                         lgrossman@gs-lawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below a copy of the foregoing was served by CM/ECF

and/or mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all

parties by operation of the Court's electronic filing system or by mail to anyone unable to accept

electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the

Court's CM/ECF System.

Date:  June 21, 2021                            /s/ Lawrence S. Grossman___
                                                         Lawrence S. Grossman

6