UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRIENDS OF ANIMALS, a non-profit corporation;<br><br>and<br><br>LAST CHANCE FOR ANIMALS, a non-profit corporation;<br><br>*Plaintiffs*,<br><br>v.<br><br>GINA RAIMONDO, in her official capacity as Secretary of Commerce;<br><br>and<br><br>NATIONAL MARINE FISHERIES SERVICE, an agency within the United States Department of Commerce;<br><br>*Defendants*,<br><br>and<br><br>SEA RESEARCH FOUNDATION, INC.<br><br>*Defendant-Intervenor* | No. 3:20-cv-01312-AWT<br><br><br><br><br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS ALL CLAIMS WITH PREJUDICE**<br><br><br><br>July 6, 2021 |

    Plaintiffs were incredulous that Mystic forced them to bring a Motion to Dismiss in the first place and they are even more baffled after Mystic filed its response to that Motion. In its response, Mystic asserts that it "does not oppose an unqualified dismissal of this case with prejudice." Mystic Br. at 1 (emphasis in original). That is exactly what Plaintiffs offered Mystic with a stipulation of dismissal with prejudice. *See* ECF 82-4. Since Federal Defendants do not oppose Plaintiffs' Motion, it is obvious that Federal Defendants would have been willing to stipulate to a dismissal with prejudice. Mystic simply wasted the Court's and the parties' time and resources by refusing to agree to a stipulation of dismissal for no justifiable reason.

1

Plaintiffs did explain to Defendants (and the Court in their initial brief) that the case being moot is the reason why Plaintiffs are now seeking a dismissal. But Plaintiffs never insisted that Defendants concede that the case was moot, and Mystic never asked for a dismissal with such conditions. Instead, as Plaintiffs detailed in their opening brief, Mystic inexplicably tried to get Plaintiffs to agree not to make certain challenges to a hypothetical future permit. *See* ECF 82-1 at 3-4. Notably, Mystic makes no attempt to defend these improper demands in its brief.

Having inexplicably rejected a stipulation of dismissal with prejudice, Mystic perhaps belatedly realizes its error. If the Court agrees that this case is moot—and as Plaintiffs will explain below, Mystic's claims to the contrary are baseless—then the Court has every right to dismiss this case **without** prejudice. Although Mystic cites no clear authority for the proposition, Mystic believes that if the case is moot, the Court must dismiss the case without prejudice. *See* Mystic Br. at 3 (arguing that "dismissal of a case as moot is inherently without prejudice").

Mystic fails to address any of the comparable cases cited by Plaintiffs which explain why this case is moot. Opening Br. at 5-8. Rather, Mystic somewhat disingenuously asserts that "the claims asserted by Plaintiffs regarding care for, research with, and display of the belugas after they are at Mystic remain live and are not moot." Mystic Br. at 4. Yet Plaintiffs asserted no such claims. Plaintiffs asserted only two causes of action: a claim that the Permit violated the MMPA and a claim that the Permit violated NEPA. Both claims sought the vacatur of the Permit to prevent the import of the belugas. *See* ECF 54 at ¶ 11.

While Mystic concedes that "the relief Plaintiffs most desired" is no longer available, it contends that there is still meaningful relief available to Plaintiffs. Mystic Br. at 5. Mystic's claims do not withstand scrutiny. First, Plaintiffs never asked that the Court "requir[e] that Mystic separate the belugas by gender when follicles reach a diameter of 1.0 cm." Indeed, no mention of separation of the belugas appears in the Amended Complaint. *See* ECF 54. Plaintiffs likewise did not ask the Court to "vacat[e] the portion of the permit authorizing scientific research." It is absurd for Mystic to suggest that Plaintiffs' objection to the Permit related to the

2

specifics of the research; Plaintiffs' objection was that Mystic was using research as a pretext to import the belugas. *See* ECF 61-1 at 1-2. Finally, Plaintiffs never so much as implied that they merely sought vacatur of that "portion of the Permit authorizing incidental public display." Rather, Plaintiffs argued—and continue to believe—that the public display envisioned by Mystic was in no way "incidental" and therefore should have precluded the granting of a scientific research permit in these circumstances. *See* ECF 68 at 17 ("Mystic's primary purpose in acquiring these belugas is to display them, which should bar it from receiving a scientific research permit to import them."). Moreover, Mystic has already claimed in the course of its application and this litigation that housing the belugas in areas not visible to the public would be "unavoidable," ECF 62-4 at 22, and it fails to explain how the Court could prevent their public display at this point. In sum, there are no forms of meaningful relief available to Plaintiffs after Mystic chose to import the belugas, and Mystic's arguments to the contrary are unavailing.

If for any reason the Court determines that Plaintiffs' claims are not moot, then dismissal with prejudice is appropriate as conceded by Mystic and the Federal Defendants and for all of the reasons previously explained by Plaintiffs.

Respectfully submitted,

/s/ *Stephen R. Hernick*
Stephen R. Hernick (phv10846)
Friends of Animals, Wildlife Law Program
7500 E. Arapahoe Rd., Suite 385
Centennial, CO 80112
Tel: 720-749-7791
Fax: 888-236-3303
SHernick@friendsofanimals.org

Jessica Rubin (Bar No. ct13768)
Director of Legal Practice and Animal Law Clinic
University of Connecticut School of Law
55 Elizabeth Street
Hartford, CT 06105
Tel: (860) 570-5209
Fax: (860) 570-5366

Jessica.rubin@uconn.edu

*Attorneys for Plaintiff Friends of Animals*

*/s/ David A. Ball*
David A. Ball (Bar No. ct10154)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tel: (203) 337-4134
Fax: (203) 337-5534
dball@cohenandwolf.com

*Attorney for Plaintiff Last Chance for Animals*